JAMES P. HARRIS *v.* PATRICK LAVIN, ET AL.

[Abstract Kentucky Law Reporter, Vol. 6—304.]

**Burden of Proof in Ejectment.**

Where a patent relied on for title to real estate contains an indefinite exclusion of acreage and the defendant has put in issue plaintiff's title the burden rests on the plaintiff to show that the land he claims is not within the acreage excluded, but when he has shown this and the defendant seeks shelter under an older patent which also contains an exclusion the burden is thrown upon him to show that his claim is not within the exclusion in his own patent.

APPEAL FROM FLOYD CIRCUIT COURT.

October 21, 1884.

OPINION BY JUDGE HOLT:

This action in ordinary was brought in the name of Patrick Lavin against the appellant, James P. Harris, to recover a small tract of land. The petition is of the ordinary ejectment form.

The answer contains a general denial of the allegations of the petition; claims the land under an elder patent to that upon which the plaintiff relies; and also seeks to defeat a recovery by the plea of adverse possession and limitation.

The testimony discloses that in the year 1842 a patent issued to one, John B. Harris, for 2,475 acres of land, less 625 acres by reason of a prior claim; and that the appellee Lavin having obtained a judgment against said Harris, the latter surrendering in writing about 100 acres of this land to be sold under the execution that issued upon the judgment; that the appellee bought it at the execution sale and obtained a sheriff's deed to it and upon this derivation of title he seeks a recovery.

The appellant obtained a rule against the appellee to verify his pleadings in person; but never caused the court to act upon the rule, and hence this alleged error can not be considered.

The wife of the appellee filed an amended petition in her name (the statements of which were admitted by non-denial), and in which it was alleged that her husband had deserted her; and by it she asked that she might be allowed to prosecute the action in her name for her husband. An order was entered providing that she could do so; and the record fails to show that any exception was taken to it. But in any event it was a substantial compliance with sub-section 4, of section 34, of the Civil Code.

It was true that the prayer was that she might be allowed to prosecute it in her name for her husband; and the order simply provided that she might prosecute it for him. But he was already a party to the action; and by the amended petition she became a co-plaintiff. Moreover, she then verified the pleadings, which would have avoided any error in that respect if the court had acted upon the defendant's rule.

During the progress of the trial the person who was the sheriff when the sale was made was permitted by affidavit to amend the return upon the execution under which the plaintiff had purchased the land.

Over twenty years had elapsed since the sale; hence, while an officer may in the discretion of the court amend a return upon an execution, yet the lapse of time might perhaps have authorized the court below to have refused the amendment, and this court to consider its not having done so, as an abuse of its power, yet this question does not arise, as the amendment was not material to the support of the plaintiff's action in this case; moreover, no exception seems to have been taken to this action of the court.

It is claimed that the proceedings in the action of Lavin against Harris were defective; that the petition failed to set out a cause of action; but the appellant can not complain of this, since a judgment in regular form in said action was in evidence in this action, and it was sufficient with the execution and return thereon to support it.

It was shown by a survey made in the action that the 2,475-acre Harris patent, issued in 1842, covered the land in contest; and that the calls of the Graham patent, issued in 1833 and under which the defendant was sheltering did not do so.

But the defendant filed an amended answer, alleging that one call in the patent had been omitted; that this was shown by the plat of the survey upon which the patent was issued, and that when added, the land in controversy would be embraced by the patent; and asking that the cause be transferred to equity and the patent corrected.

No motion was, however, ever made to transfer it and it never was transferred; but while there is nothing in the record expressly so showing, yet the case seems to have been treated as if thenceforth in equity; it was heard by the court, and a judgment rendered for the plaintiff.

If the action was not in equity the judgment must be regarded as conclusive of the questions of fact presented in the case; but it is not necessary to determine whether it is to be regarded as having been transferred to equity or not, because even if in equity, the judgment of the chancellor is entitled to some weight; and the testimoy is so conflicting as to the question of mistake that we are not inclined to overrule his opinion.

The law permits the correction of the calls of a patent by the plat and certificate of survey upon which it is based; but this should only be done when clearly authorized by the testimony, and in this instance the plat alone shows a short line or call, which is not in the patent; but neither is it in the certificate of the survey; and the testimony is conflicting as to whether the survey will not come as near closing without the call as with it. The patent was for 400 acres; and the testimony shows that with the alleged omitted line the calls will embrace over that quantity; while without it there is near the proper quantity; and it is as reasonable to suppose that this call was abandoned when the survey was made, but after the plat had been made, as it is to suppose that both the certificate of the survey and the patent omitted the call.

As the court below held that the certificate of survey and the patent and not the plat must govern, and as we do not feel authorized to disturb this judgment in that respect, and as the defendant only claimed possession to the proper extent of the Graham patent, the defense of possession and limitation must necessarily fail.

We dissent from some of the reasons given by the court below for its judgment, but the testimony does not authorize us to interfere with the conclusion finally reached by it.

The patent upon which the plaintiff relied contained an indefinite

exclusion of 625 acres, and in such a case and where the defendant has put in issue the plaintiff's title, it rests upon the latter to show that the land he claims is not within the exclusion; but when he has shown this, if the defendant seeks to shelter under an elder patent which also contains an exclusion, then the burden is thrown upon him to show that his claim is not within the exclusion in his own patent.

In this instance the plaintiff has failed to show positively that the land he is claiming is not in the exclusion contained in the patent upon which his title is based; but the fact that Harris had over twenty years before surrendered it for sale under the plaintiff's execution and the existence of other circumstances in the record from which the court below might reasonably have inferred that it was not in the exclusion, forbid us from interfering with the judgment below and it is *affirmed*.

*R. H. Weddington, James Goebel,* for appellant.

*W. C. Ireland, W. S. Haskins,* for appellees.

[Cited, *Lemoyne v. Anderson,* 29 Kentucky Law Reporter 1019, 96 S. W. 843; *Morgan v. Renfro,* 124 Ky. 321, 99 S. W. 311.]