Case 78.—ACTION BY JOHN V. LE MOYNE AGAINST J. R. ANDERSON FOR LAND IN WHICH CALVIN TRAMMELL AND ANOTHER INTERVENE.—Oct. 17.

## Le Moyne v. Anderson, &c.

Appeal from Whitley Circuit Court.

M. L. Jarvis, Circuit Judge.

From the judgment plaintiff appeals.    Affirmed.

1.  Pleading—Answer Inuring to Benefit of Codefendant—Where, in a suit for damages and to enjoin defendant from further trespassing on land alleged to belong to plaintiff, interveners alleged that they were the owners of the land, and that defendant was engaged in cutting timber under their authority, the answer was a complete defense to the action, and no judgment could be taken against defendant, unless plaintiff made out his case.

2.  Trespass—Parties—Intervention—the Code of Practice provides that every action must be prosecuted by the real party in interest, and any person may be made defendant who claims an interest adverse to the plaintiff, or is a necessary party to

the complete determination of the question involved. **Held** that, in a suit for damages and to restrain defendant from removing timber from land alleged to belong to plaintiff, it was proper to permit interveners to file an answer and cross-petition alleging ownership in themselves and removal of the timber by defendant under their license.

5. Same—Title of Plaintiff—Burden of Proof—In a suit for damages and to enjoin defendant from further removing timber from lands alleged to belong to plaintiff, the burden was on plaintiff to show title.

4. Same—In a suit for damages and to restrain defendant from further removing timber from lands alleged to belong to plaintiff, plaintiff must recover on the strength of his own title.

5. Same—Sufficiency of Evidence—In a suit to restrain the removal of timber from lands alleged to belong to plaintiff, plaintiff relied on a patent for a large boundary of land, out of which all lands previously surveyed were excepted, and the deeds under which he claimed also excepted from their operation various tracts of land. A witness for plaintiff testified that the land in controversy was not embraced in any of the older surveys; but he did not show that he had ever surveyed the land, or seen it surveyed, and no proof was introduced as to the exclusions in the deeds referred to. Held, that plaintiff failed to show title to the land in controversy.

6. Costs—Prevailing Party—In a suit for damages and to restrain defendant from further removing the timber on lands alleged to belong to plaintiff, plaintiff having failed to show title in himself, defendant was properly awarded costs under Ky. St. 1903, Sec. 889, giving costs to the successful party.

GREENE & VANWINKLE attorneys for appellant.

1. The proposition that a plaintiff is entitled to a judgment in the absence of defense, in a case where the court has jurisdiction of the parties and subject, and the  facts stated in his petition entitle him to relief, requires no citation of authority to support it.

2. The trial court erred after dismissing the counter-claim and cross-petition of the intervening claimants in adjudging that the plaintiff should pay their costs.

The trial court literally says to these parties: "Although you have voluntarily butted into this case and have been shown to have no rights whatever, still we will make the appellant pay your costs in doing so," this we submit is clear error.

Le Moyne v. Anderson, &c.

AUTHORITIES CITED.

Chambers v. Haskell, 78 S. W., (Ky.), 478; Hillman v. Hurley, 82 Ky., 628; Preston v. Preston, 85 Ky., 16; Ellis v. Wren, 84 Ky., 254; Ky. Statutes, Sec. 889; Asbell v. Tipton, 1 B. Mon., 300; Moore v. Boner, 7 Bush, 26; Maupin v. O'Rear &c., 8 Rep., 356.

MORROW & STEVENS attorneys for appellees.

1. The original defendant Anderson did not answer, but appellees Trammell & Roberts, without objection, filed an interplea assuming all responsibility for Anderson's acts, and upon the issues made, the case went to trial with a finding for the appellees.

2. We submit that appellant has wholly failed to show title in himself to the land in controversy, or to show such a state of facts as warrants either an injunction or a judgment for damages.

3. The appellees are not wilful trespassers (but bona fide claimants, and have shown a far better claim to the land than the appellant.

AUTHORITIES CITED.

Russells Heirs v. Craddock, 4 T. B. Monroe, 383; Lamber v. Lambert, 63 S. W., 614; Barrett v. Higgins, 4 Dana, 567; Gill v. Hewitt, 7 Bush, 15; McClary v. Bowman, 3 Littell, 248; Parker v. Catron, 85 S. W., 740.

OPINION BY CHIEF JUSTICE HOBSON—Affirming.

Appellant, John V. Le Moyne, instituted this action on August 5, 1904, against J. R. Anderson. He alleged in his petition that he was the owner and entitled to the possession of a certain boundary of land; that Anderson in August, 1904, had entered on the land, forcibly cutting and carrying away the timber which represented nearly the entire value of the land; that he was then engaged in cutting and removing the timber from the land, and would continue to do so unless restrained; that he was insolvent, and a judgment against him for the value of the timber would be uncollectible. He prayed judgment for $200 damages, and that the defendant be enjoined from further trespassing upon the land. An injunction was ob-

tained as prayed in the petition. Anderson did not answer, but at the August term, 1904, Calvin Trammell and Sarah Roberts filed their petition to become parties to the action, and on their motion the petition was taken as their answer and made a cross-petition over against the plaintiff. They alleged that they were the owners of the tract of land described in the petition; that Anderson went upon it and cut the timber complained of by their license and authority. They set up the boundaries which they claimed, alleging that they had been in actual possession of it since February 16, 1888. They denied that plaintiff was the owner of any part of the land and also pleaded that his purchase was champertous. They prayed that their title to the land be quieted. The plaintiff objected to their being made defendants, and moved to strike out their petition upon the ground that such intervention was not allowed by the Code of Practice. The court overruled the motion. Issue was then made up, and on final hearing the court dismissed both the petition and the cross-petition and adjudged the defendants Trammell and Roberts their costs.

Though Anderson did not file an answer, the answer that Trammell and Roberts filed was a complete defense to the action, and no judgment could be taken against Anderson after that answer was filed, unless the plaintiff made out his case. The rule on the subject is thus stated in Newman on Pleading (page 555): "If any one of the defendants in an action relies upon a plea of infancy, coverture, limitation, non est factum, or any other defense merely personal, or which does not go to the whole action, the plaintiff may recover as to some of the defendants, while he fails as to others. But if either of the defendants should, in a joint or separate answer, rely upon a defense which goes to the entire merits of the action, such as payment, accord, and satisfaction, or

other meritorious defense which shows that the plaintiff ought not to recover in the action against him, a judgment cannot be rendered in the action against any of the defendants until that plea is disposed of; and, if the defendant should succeed upon such a plea, the action must be dismissed as to all of the joint defendants.''

The court did not err in allowing Trammell and Roberts to file their petition and defend the action. The title to the land was the thing in controversy. Anderson, who had cut the timber for Trammell and Roberts, had no real interest in the controversy. The Code of Practice provides that every action must be prosecuted by the real party in interest and any person may be made defendant who claims an interest in the controversy adverse to the plaintiff, or is a necessary party to the complete determination of the question involved. There is the same reason that the defense should be made by the real party in interest as that the action should be prosecuted by the real party in interest. The court therefore did not err, when the real parties in interest appeared, in permitting them to file their answer and make defense to the action. Murphy v. Cochran, 80 Ky. 239; 3 Ky. L. R. 727, Newman on Pleading, p. 208.

On the merits of the case, the burden of proof was upon Le Moyne to show title to the land. It was timbered land, and he showed no adverse possession of it. He introduced a patent dated January 20, 1852, and claimed title under the patent by virtue of a series of deeds. The patent was for 8,000 acres within a large boundary described in the patent out of which all the lands previously surveyed, estimated at 36,000 acres, were excepted. The deeds under which Le Moyne claimed also excepted out of their operation various tracts of land which had been sold and conveyed by those under whom he claimed, to others be-

fore the deeds under which he claimed were made.

The patentees only took under the patent title to such land as was embraced in the patent after platting out the exceptions. The vendors of Le Moyne only took under their deeds such land as was embraced in the boundary sold after taking out the exceptions. The land in controversy was 200 or 300 acres. Whether these 200 or 300 acres passed to the patentees under the patent could not be determined, unless it was shown that it was outside of the previous surveys and within the patent lines. To show that it was within the patent lines was not sufficient for it might be within the patent boundary and still be no part of the land which the patentee obtained title to, for he only obtained title to the surplus after taking off the previous surveys, and in the same manner Le Moyne did not show that he had title to the small tract in controversy when he produced the deeds for the larger boundaries, unless he showed that this small tract was not within the boundaries which were excepted out of the operation of the deeds. Hall v. Martin, 89 Ky. 9, 11 S. W. 953, 11 Ky. L. R. 241; Harris v. Lavin, 6 Ky. Law Rep. 304. The plaintiff in a case like this, must recover upon the strength of his own title. If neither party shows title to the land, the defendant cannot be disturbed. The plaintiff introduced a witness who testified that the land in controversy was not embraced in any of the older surveys; but the witness did not show that he had ever surveyed the land, or seen it surveyed, or state any facts showing that he was qualified to speak on this subject. And no proof was introduced as to the exclusions in the deeds referred to, and for all that appears the land in controversy may be within these exclusions, and not covered by the deed under which Le Moyne claims. He failed therefore to show title to the land in controversy, and the circuit court properly dismissed his petition. He also properly dismissed the

cross-petition of Trammell and Roberts, as they did not show title to the land.

There was no error, however, in adjudging defendants their costs, for they had succeeded in defeating the plaintiff's action. If it was in effect an action for trespass on the land, although tried in equity, as the defendants defeated the action, they were entitled to their costs. Moore v. Bonner, 7 Bush, 26; Ky. St. 1903, § 889.

On the whole case we see no substantial error to the prejudice of appellant.

Judgment affirmed.