CASE 89.—ACTION BY GEORGE B. SCROGGINS AND OTHERS AGAINST J. M. NAVE AND OTHERS.—May 13, 1909.

## Scroggins, &c. v. Nave, &c

Appeal from Rockcastle Circuit Court.

W. L. JARVIS, Circuit Judge.

Judgment for defendants, plaintiffs appeal.—Affirmed.

1. Trespass—Trespass to Real Estate—Right of Action——"Owner."—The word "owner" in Ky. St. Sec. 2361 authorizing the owner of land, though not in actual possession to sue for trespass thereon, means one who owns the land by a title of record deducible from the Commonwealth, or who has acquired ownership by actual, adverse possession of the land to a well defined boundary for 15 years.

2. Trespass—Trespass to Real Estate—Right of Action.—In an action for trespass to real estate, evidence held not to show that plaintiff has title deducible from the Commonwealth or title from adverse possession, within Ky. St. Sec. 2361, precluding a recovery.

C. C. WILLIAMS and J. N. SAUNDERS for appellants.

Scroggins, &c. v. Nave, &c.

AUTHORITIES CITED.

An action of trespass can be maintained by the owner of land, though not in the actual possession, against a trespasser. 28 A. & E. E. of L. (2d Ed.), pages 577-8; Bebee v. Hutchinson, 17 B. Monroe, page 497; Angeline Hackney v. L. & N. R. R. Co., 1 R., page 357; Crate, &c. v. Strong, 24 R., page 710; 97 Kentucky, page 301; 25 Kentucky Law Reporter, page 2176; 15 Kentucky Law Reporter, page 648; 86 Federal Reporter, page 291.

BETHURUM & BETHURUM and J. W. BROWN for appellees.

We submit that the plaintiffs could not recover land unless they could show title either by deed or adverse possession. Dennis Bros. v. Strunk, &c., 32 Ky. L. R. 1230; Northup's Trustees v. Sommers Trustees, decided February 18, 1909.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE.—
Affirming.

This action was brought by appellants to recover of appellees for a series of trespasses committed, as alleged, by the wrongful cutting by the latter of timber of the value of $744.28, on a tract of land containing 534 acres, of which appellants claim to be the owners. The appellees filed separate answers, each traversing the affirmative matter of the petition. On the trial appellees, after the introduction of appellants evidence, requested the court to peremptorily instruct the jury to find for them. The court granted the request, and so instructed the jury. The latter, in obedience thereto, returned a verdict in behalf of appellees, and judgment in conformity to the verdict was duly entered. Appellants were refused a new trial; hence this appeal.

The chief contention of appellants' counsel is that the case should have gone to the jury upon their proof, and that the court erred in granting the peremptory instruction. Our reading of the evidence found in the record convinces us that there was no error in this ruling of the trial court, for it fails to

show that appellants have a good or sufficient title
to the land, or that they have ever had actual posses-
sion thereof.  In attempting to show title appellants
proved by D. N. Williams, a former clerk of the Rock-
castle County Court, that at one time between 1852
and 1856 he saw in the county court clerk's office
a deed from one Moses Easley, conveying appellant's
ancestor, John A. Scroggins, now deceased, an undi-
vided half of a 1,000-acre tract of land lying in Rock·
castle county; but the testimony of Williams failed
to explain whether the deed he saw was a matter of
record, or simply filed in the clerk's office among the
unrecorded deeds, nor did he testify that the land it
conveyed was any part of the tract from which ap-
pellees were alleged to have cut timber.  It does ap-
pear, however, that in 1878 certain persons, styling
themselves the heirs at law of Leander Easley,
brought suit in the Rockcastle Circuit Court against
John A. Scroggins for a partition of a 1,000-acre
tract of land, an undivided half of which was alleged
to belong to the plaintiffs and the other half to Scrog-
gins.  The record of the proceedings in that case was
introduced to show that judgment was rendered
therein directing that the land be divided, that the ·
division was made by the commissioners appointed
for that purpose, and their report confirmed by the
court, and that in the division thus made John A.
Scroggins received 534 acres of land, which was con-
veyed him by deeds made through a commissioner
and approved by the court.  But the record of that
case does not disclose the source or nature of Lean-
der Easley's title to any part of the land described
in the petition, or how John A. Scroggins obtained
title to an undivided half thereof.  John A. Scroggins

died in 1897, and whatever title he received to the 534 acres of land by the conveyance from the commissioner descended under the statute to appellants as his heirs at law. It is apparent that appellants failed to prove a good title to the land in question. It is not connected with, or deducible from, the commonwealth and can not be held sufficient of itself to support an action of ejectment or trespass.

There was no evidence whatever of actual possession of the land by appellants or their ancestor, John A. Scroggins. It is true there was some evidence that appellants have paid taxes on the land since the death of John A. Scroggins in 1897, and that since that time D. N. Williams has acted as their agent in looking after the land and paying taxes on it; but, according to the evidence, there has been no occupancy of the land, or other actual possession of it, by appellants' ancestor, John A. Scroggins, or by appellants themselves, or any agent or tenant of theirs, at any time. Under section 2361, Ky. St. the owner of land, although not in actual possession, may maintain an action for trespass thereon. McCloskey v. Doherty, 97 Ky. 300, 30 S. W. 649, 17 R. 178; Coppage v. Griffith (Ky.) 40 S. W. 908, 19 R. 459; Meehan v. Edwards, 92 Ky. 574, 13 R. 803, 18 S. W. 519. The word "owner" appearing in the statute, supra, means one who owns the land by a title of record deducible from the commonwealth, and by reason thereof superior to any other title by whomsoever held, or by such right or ownership as may be acquired by the actual adverse possession of the land, and claiming it and using it as his own, to a well-marked or defined boundary, continually for 15 years. So, where one owns the land by a title of rec-

ord deducible from the commonwealth, he may, though not in actual possession, maintain an action for trespass thereon; and, though without a title of record deducible from the commonwealth he may nevertheless maintain an action for the trespass, if he has had the actual adverse possession of the land, and claimed and used it to a well-defined and marked boundary, continually for fifteen years, or may also, maintain such action, if in actual possession of the land, under color of title, when the trespass was committed. As appellants failed to prove either title or possession such as we have described, they should not have been allowed to recover for the alleged trespass to the land.

It, therefore, follows that the peremptory instruction was properly given. Wherefore the judgment is affirmed.