## Burks v. Cox.

(Decided November 12, 1912.)

### Appeal from Barren Circuit Court.

Land—Trespass—Possession of Plaintiff—Entry of Defendant Without Color of Title.—One in possession of land under a sheriff's deed may maintain an action of trespass against one who enters without color of title and deprives him of possession.

PORTER & SANDIDGE for appellant.

BASIL RICHARDSON and BAIRD, RICHARDSON & SUMMERS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER — Granting Rehearing, Withdrawing Former Opinion and Affirming.

Upon reconsideration of this case, we find that defendant, Burks, admits in his answer that plaintiff, Cox, was in possession of the premises in question at the time of the filing of the action. His prior possession, therefore, being *prima facie* evidence of title, plaintiff could maintain this action of trespass against the defendant, Burks, provided the latter entered without color of title, and ousted him of possession. Tucker, &c. v. Phillips, 2 Metc., 416; Campbell v. Roberts, 3 A. K. Marsh., 623; Scroggins, et al. v. Nave, 119 S. W., 158; Carson v. Turk, 146 Ky., 733; Roberts, et al. v. Menifee, et al., 149 Ky., 354.

We conclude that the weight of the evidence is to the effect that defendant's deed does not cover the land in question. That being true, his entry was without color of title. It follows, therefore, that the judgment of the chancellor was proper.

For the reasons given, the rehearing is granted, the former opinion withdrawn, and the judgment affirmed.