## Asher, Sr. v. Gibson, et al.

(Decided March 2, 1923.)

### Appeal from Bell Circuit Court.

1. Witnesses—Testimony by Party that His Father Had Indicated Location of Corner is Incompetent.—In an action to recover possession of sawlogs, depending on the determination of a dispute as to the boundary line between the parties, testimony by one of the plaintiffs that he had seen the corner in controversy, with a later statement that he had never seen it while it was standing, but that his father, who was dead, and under whom the plaintiffs claimed, had claimed to the point that witness had previously stated was the corner, was incompetent under Civil Code of Practice, section 606, subsection 2, prohibiting testimony by witness for himself concerning statements or transactions with another who is dead when the testimony is given.

2. Boundaries—Party Claiming Call in His Deed was Incorrect has Burden of Establishing that Fact.—Where an action for possession of sawlogs depended upon the determination of the boundary between the parties, and defendant admitted that his deed called

for the land as claimed by plaintiffs, but contended that call was a mistake, and should be corrected, the burden was on him to establish that affirmative allegation.

3. Appeal and Error—Incompetent. Evidence as to Location of Corner Held Harmless.—The admission of incompetent evidence by one plaintiff as to the claim of his deceased father with reference to a corner in dispute was not so prejudicial to defendant as to require a reversal of the judgment for plaintiffs, where defendants' proof did not sustain his claim that a call in his deed was inserted by mistake, and there was other evidence, aside from the incompetent testimony, which not only authorized the submission of the issue to the jury, but amply sustained the finding that the timber in controversy was cut from plaintiffs' side of the boundary line.

4. Trial—Instruction Submitting Whether Land Claimed was True Line Submits Only a Question of Fact.—In an action depending upon the determination of a boundary dispute between the parties, an instruction as to whether the line described in plaintiffs' deed was or was not the line of the patent, which was the issue to which all evidence was directed, submitted a question of fact, not one of both law and fact.

5. Judgment—Verdict for Plaintiffs According to Instruction Held to Support Judgment that they were Owners of the Logs in Controversy.—A judgment that the plaintiffs were the owners of the logs in controversy was supported by a verdict finding for the plaintiffs according to instruction which submitted to the jury whether the line described in plaintiffs' deed was the line of the patent, where the decision as to the ownership of the logs depended on the location of the dividing line between plaintiffs' and defendant's tracts.

B. B. GORDEN, JAS. D. BLACK, WORTHINGTON, BROWNING & REED and CLEON K. CALVERT for appellant.

WILLIAM LOWE for appellees.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

This suit was filed in the Bell circuit court to recover possession of about fifty saw logs, valued at $700.00, alleged to have been taken by appellant from a tract of land belonging to appellees. Appellant denied that the logs were taken from appellees' land and alleged that they were cut from land belonging to him.

The appellees are the owners of a fifty-acre tract of land which adjoins a tract owned by appellant. The closing line of the fifty-acre tract is called for in the deed under which appellant claims the adjoining land. Its location is the controverted point in the pleadings. That question was submitted to a jury, which returned a ver-

dict for appellees upon which judgment was rendered, to reverse which this appeal has been prosecuted. The errors assigned are: (1) The admission of incompetent testimony; (2) a peremptory instruction to find for the defendant should have been given; (3) instruction No. 1 is erroneous; and (4) the verdict of the jury does not support the judgment.

The testimony that is complained of was given by T. F. Gibson. It related to the beginning corner of the fifty-acre tract. That witness was asked if he had ever seen the corner, and, over the objection of appellant, was permitted to answer in the affirmative. He was then permitted to say where the corner was located. In response to the next question, however, he stated that he had never seen the corner while it was standing. Later he stated that his father, who was dead, and under whom he and the other appellees were claiming, had claimed to the point that the witness had indicated in his previous testimony as the place where the corner was located. This testimony was objected to, and it is said that its admission was not only erroneous but prejudicial. Under Stacy v. Alexander, 143 Ky. 152, and other decisions of this court construing subsection 2 of section 606 of the Civil Code of Practice, one cannot testify for himself concerning statements of, or transactions with, another who is dead when the testimony is given. It follows, therefore, that the testimony of T. F. Gibson in this particular was inadmissible. We are, however, not prepared to say that it constituted the only evidence that authorized the submission of the case to the jury, or that its admission was prejudicial error in respect to its effect upon the verdict. Both of these questions will be disposed of in considering the next contention.

It is said, on the authority of LeMoyne v. Anderson, 123 Ky. 584, and numerous other decisions of this court, that appellees could only recover upon the strength of their own title without reference to any infirmity in the title of their adversary, and, excluding the testimony of T. F. Gibson, there was no evidence to show that appellees' boundary of fifty-acres included the land from which the timber was cut. We are unable to assent to this proposition, for we think there is ample evidence to show that the timber was cut on appellees' side of the disputed line as described in their deed to the fifty-acre tract. Appellant, by answer to the amended petition, admitted that his deed called for that line, but alleged that the call was

inserted in his deed by mistake, and that his line should be corrected as therein set out so as to include the land on which the timber was cut. The burden of that affirmative allegation rested on him, and, after a careful examination of the evidence, it is our conclusion that his proof does not sustain the defense. On the other hand, the testimony of B. T. Johnson, with the deeds filed in the record and other facts disclosed by the evidence, wholly aside from the testimony given by T. F. Gibson, not only authorized the submission of the case to the jury, but also, in our judgment, amply sustains the finding that the timber was cut from land included in the fifty-acre tract as described in the deed thereto under which appellees claim. The testimony of T. F. Gibson on the points referred to, while incompetent, was almost wholly if not quite ineffective. It certainly cannot be said to have influenced the finding of the jury. Hence its admission was not such error as necessitates a reversal of the judgment.

It is next contended by appellant that instruction No. 1 was erroneous since it submitted to the jury both the law and the facts. The instruction submitted the question as to whether the line described in appellant's deed as running 52 degrees and 10 minutes west 1251 feet crossing the L. & N. R. R. at 1,011 feet, bearing with the railroad north 3, 10 west to the east bank of Cumberland river, was or was not the line of the Renfro patent. This was the issue to which all the evidence was directed. It was not a question of law but one of fact. The jury evidently understood that all it was to do was to locate the line between the two tracts according to the evidence introduced, and that to find that the line was located at the point claimed by appellees was a finding that they owned the timber, and to find that it was located at the point claimed by appellant was a finding that he owned the timber. The jury was conversant with the respective claims of the parties as they appeared on the maps filed in evidence, and it found that the disputed line was where appellees claimed it was. The instruction was not confusing. It submitted a question of fact upon which the jury returned a verdict favorable to appellees.

It is finally insisted that the verdict is too indefinite to support any judgment. The verdict reads: ''We, the jury, find for the plaintiffs according to instruction No. 1.'' There is no ambiguity in this finding; it is a clear

and decisive response to the question submitted. Upon the return of the verdict it was adjudged by the court that appellees were the owners of the timber in dispute. No damages were given against appellant, and no writ of restitution awarded, but a judgment was rendered in favor of appellees for their costs. It appears that when the suit was filed appellees obtained an order of delivery for the logs, and, appellant not having executed a bond for their retention as authorized by the Code, they were delivered to appellees, who had them in possession at the time of the trial. The question, therefore, to be decided on the trial was—to whom did the logs belong? That decision depended on the location of the dividing line between the two tracts of land. The jury fixed that line favorable to the appellees' claim. On that finding it was eminently proper for the court to adjudge that the logs belonged to appellees.

The judgment is affirmed.