# Bolin v. Buckhorn Coal & Lumber Company, et al.

(Decided December 15, 1925.)

## Appeal from Perry Circuit Court.

1.  Trespass—Proof of Title to "Common Grantor" of Disputed Strip
    Sufficient to Dispense with Proof of Title from Commonwealth—
    "Common Source of Title."—Where each party claims disputed
    strip is governed by his deed, proof of title in common grantor
    is sufficient to dispense with proof of title from Commonwealth,
    although "common grantor" and "common source of title" are not
    synonymous.

2.  Trespass—Evidence of Title Sufficient for Jury.—In action to re-
    cover for timber and to be adjudged owner of land, evidence that
    plaintiff claimed disputed strip under deed from a common grantor,
    executed prior to deed under which defendants claimed, held suf-
    ficient for jury on question of plaintiff's title.

3.  Champerty and Maintenance—Mere Cutting of Timber from Land
    Not "Adverse Possession" Within Statute.—The mere cutting of
    timber from land is not "adverse possession," within the meaning
    of the statute, such as will invalidate a deed on ground of champ-
    erty.

4.  Lis Pendens—Suit Held Sufficient Notice of Claim of Title to Pre-
    clude Defendant's Claim as Innocent Purchaser of Timber Sub-
    sequently Paid for.—Suit to recover timber or value thereof, and
    to be adjudged owner of land from which it was cut, held suf-
    ficient notice of plaintiff's claim of title to timber to prevent a
    defendant purchaser from being an innocent purchaser as to
    timber for which it paid after filing of suit.

EVERSOLE & TURNER for appellant.

WOOTTON, SMITH & WOOTON and HARRY EVERSOLE for
appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Alleging that he was the owner and in possession of
a certain described tract of land, and that Wash Daniel
and Adelia Daniel had entered thereon and cut certain
timber therefrom, and that their codefendant, Buckhorn
Coal & Lumber Company, had purchased said timber
from Wash and Adelia Daniel with full knowledge of the
fact that the timber and land from which it was cut were
the property of plaintiff, and that the Daniels were in-
solvent, Elijah Bolin brought this action to recover the
timber or the value thereof, and to be adjudged the owner
of the land. Wash and Adelia Daniel filed an answer

denying that they had cut or sold any timber from the land mentioned in plaintiff's petition and alleged that they cut timber from a certain tract of land thereinafter described which belonged to them. Later, the Daniels filed an amended answer and made it a cross-petition against their codefendant, Buckhorn Coal & Lumber Company, asking damages against both Elijah Bolin and the Buckhorn Coal & Lumber Company for failure to take up and pay for the timber cut. Most of the pleadings having been lost, an order was entered controverting of record all the affirmative allegations in each of the pleadings. At the conclusion of the evidence for plaintiff the court directed a verdict in favor of the defendants on the ground that plaintiff had failed to show title of record.

It appears from plaintiff's proof that the timber was cut from a small tract of land to which he had acquired title by conveyance from Delilah Burns, who in turn acquired title from her father, Henry Gilbert, by deed dated December 12, 1905. In the answer the Daniels pleaded that the timber was cut from a certain described tract of land which plaintiff proved was acquired by Adelia Daniel, formerly Adelia Gilbert, from her father, Henry Gilbert, by deed dated December 12, 1908. There was also evidence that this deed covered the disputed strip. It is therefore insisted that plaintiff proved title to a common source and it was not necessary to prove title from the Commonwealth. On the other hand, it is argued that plaintiff merely proved that he and the Daniels derived title through a common grantor and not through a common source. It is true that the terms, "common grantor" and "common source of title" do not always mean the same thing. For instance, proof that both plaintiff and defendant acquired title through a common grantor is not sufficient to dispense with proof of title from the Commonwealth, where the tracts are separate and distinct and the common grantor's title was derived from separate sources. Jennings v. Marston, 121 Va. 79, 92 S. E. 821. But, where each of the parties claims that the disputed strip is covered by his deed, proof of title to a common grantor is all that is required. In such case the question of record title turns on the priority of the conveyances and the proper location of the lands described therein. And, it appearing that the deed from Henry Gilbert to Delilah Burns,

through which plaintiff acquired title, was made prior to the deed which he executed to Adelia Gilbert, through which defendants claimed title, and there being evidence to show that the disputed strip was covered by plaintiff's deed, it can not be doubted that there was sufficient evidence of title in plaintiff to require the submission of the case to the jury.

The contention that the deed to plaintiff was void on the ground of champerty can not be sustained, as the mere cutting of timber from the land was not adverse possession within the meaning of the statute. Varney v. Orinoco Mining Co., 201 Ky. 571, 257 S. W. 1016.

But the point is made that the peremptory as to the Buckhorn Coal & Lumber Company was proper because there was no evidence tending to show that it purchased with knowledge of the fact that plaintiff owned the timber and that the Daniels were insolvent. The evidence shows very clearly that the Buckhorn Coal & Lumber Company had purchased and agreed to take up and pay for the timber. Whether or not the evidence was sufficient to impose liability for the timber already purchased and paid for, we need not inquire. It appears that no settlement had been made for at least a portion of the timber at the time the company became a party to the action. The suit itself was sufficient notice of plaintiff's claim of title to the timber and the land from which it was cut to prevent its being an innocent purchaser of any timber that it paid for after that time.

On the whole, we conclude that the evidence was sufficient to take the case to the jury as against both the Daniels and the Buckhorn Coal & Lumber Company not only on the question of title, but also on the question of damages.

Judgment reversed and cause remanded for a new trial consistent with this opinion.