## French v. Childers.

Nov. 3, 1939.

Russell Vanover for appellant.

Burke & Sanders and A. F. Childers for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

This action was filed by the appellee, A. W. Childers, against the appellant, G. Mark French, in the year 1936, alleging that appellee was the owner of a boundary

of land described in the petition containing approximately 52 acres and that appellant had trespassed on the land and cut timber thereon. Judgment was sought for the value of the timber cut and the petition prayed that the defendant be enjoined from trespassing on the land described. The appellant answered, denying the trespass and denying the appellee's title to the land. Proof was heard and the trial court adjudged that the appellee was the owner of the land in controversy and entitled to recover $330 for the timber cut. This appeal follows, appellant contending that the burden was on appellee to show title to the land and that he failed to do so.

It is well settled that a plaintiff in an action for trespass, where the title to the land is put in issue, must recover on the strength of his own title and not on the weakness of the defendant's title. Wallace v. Lackey, 173 Ky. 140, 190 S. W. 709; Gilbert v. Parrott, 168 Ky. 599, 182 S. W. 859; Le Moyne v. Anderson, 123 Ky. 584, 96 S. W. 843, 29 Ky. Law Rep. 1017; Scroggins et al. v. Nave, 133 Ky. 793, 119 S. W. 158. In the latter case it was held that the word "owner" in Kentucky Statutes, Section 2361, authorizing the owner of land to maintain an action for trespass thereon, means one who owns the land by a title deducible from the Commonwealth or who has acquired title by adverse possession.

To meet the burden of showing title, the appellee introduced in evidence a patent to himself issued in the year 1915, covering the land in controversy. However, he admitted that the land embraced in this patent, which is the land in controversy, was covered by the Gallup and Sowards 85,000-acre patent. The surveyor introduced by him also testified that he was acquainted with the Gallup and Sowards patent and that it covered the lands described in the appellee's patent. The appellee's patent is therefore a junior patent and void. Kentucky Statutes, Section 4704. Caughlin v. Wilson, 167 Ky. 35, 180 S. W. 40; Golden et al. v. Blakeman, 223 Ky. 517, 3 S. W. (2d) 1095.

Realizing, apparently, that this junior patent was void, the appellee, to establish his title, introduced in evidence a deed from the Big Sandy Company to himself covering the land in controversy. This deed, however, wholly fails to show title deducible from the Commonwealth because no prior deeds in this chain of title were introduced. The source of title of the Big Sandy Com-

pany is not shown. As indicated.above, to establish record title in this type of action, evidence must be introduced showing a title deducible from the Commonwealth.

It is stated in the brief for the appellee that he owns the land by adverse possession but counsel for appellee entered into no discussion of any evidence tending to show such adverse possession except to point out that he had cut and removed timber from the land. It is so well settled that sporadic acts of this nature do not constitute actual adverse possession such as to give title that citation of authority is superfluous. In this connection we might add that the evidence shows that the actual possession of the land at the present time is in appellant. It appears from the appellant's evidence, uncontradicted by the appellee, that the appellant now has the land in actual possession with improvements built thereon and entirely under fence.

It appears from the appellee's brief that his main reliance to show title is in two former opinions of this court involving controversies over the same land, namely, Childers v. York et al., 187 Ky. 332, 218 S. W. 1027, and Childers v. Haynes, 228 Ky. 726, 15 S. W. (2d) 448, but an examination of the opinions in those cases shows clearly that they do not indicate that the appellee has any title to the land. In the first case York and Vanover brought the action against Childers, the appellee in this case, to quiet title to certain land, which is the land in controversy in the instant case. The trial court entered judgment for the plaintiffs in that case quieting their title but on the appeal the judgment was reversed solely and alone because the plaintiffs in the action had failed to establish the necessary possession to maintain an action to quiet title. Childers had merely denied the plaintiff's title, consequently there was no adjudication that he was the owner of the land. The effect of this opinion, therefore, was merely that York and Vanover did not have possession necessary to maintain the action.

After this appeal York conveyed his one-half interest in the land to Vanover and Vanover conveyed a one-half interest to his daughter, Marcella Haynes. Vanover and his daughter, Mrs. Haynes, instituted another action against Childers to recover from him the value of timber he had cut and to quiet their title to the land. In this action Childers again contented himself with denying the plaintiff's title but did not allege ownership

342

and seek to have his title quieted. The trial court again rendered judgment for the plaintiffs, quieting their title. On appeal, this court in Childers v. Haynes et al., supra, reversed the judgment, holding merely that the plaintiffs in the action had failed to show title either of record or by adverse possession. It was not decided that Childers has title.

It will be observed that the opinion in the second case points out that after the first case was decided in this court, Mrs. Haynes, to whom Vanover had conveyed a one-half interest in the land, had moved within the exterior lines of the boundary of land claimed by them. The appellant is a successor in title to Vanover and Haynes and the evidence in the instant case shows conclusively that Mrs. Haynes continued in possession of the land in controversy until she conveyed to the appellant and that appellant has been in possession since he obtained his title from Mrs. Haynes. There can therefore be no merit in the appellee's contention that he has title to the land by adverse possession.

Since the appellee failed to show title in himself either by a record title deducible from the Commonwealth or by adverse possession, the trial court should have dismissed his petition.

Judgment reversed with directions to enter a judgment dismissing the petition.