## French v. Boyd et al.

Nov. 8, 1944.

528

L. J. May for appellant.

Russell Vanover for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CAMMACK
—Affirming.

An agent of the appellant purchased a 214 acre tract of land in Pike County from Martha Vanover and Marcella Vanover, in 1933, at the price of $6 per acre. The deed contained the following provision: "It is understood and agreed that parties of the first part agree and guarantee to defend the title to the land herein conveyed against the claim of Enoch Potter and Albert Childers, and to pay for all legal services necessary as to such claimants and that said Russell Vanover, Attorney is to defend the title as to said claimants herein named, free of charge, and he joins this deed for this purpose and no other, and the second party agrees to pay the other expense of such litigation." Subsequently litigation over the Potter claim, in which Russell Vanover defended French's title, resulted in the loss of 8.14 acres to Potter. Russell Vanover also represented French in the case of French v. Childers, 280 Ky. 339, 133 S. W. 2d 63. In that action Childers sought to recover the value of timber cut by French on 52 acres of the land included in the Vanover deed, and to enjoin him from trespassing upon the land. French answered, denying the trespass, and also Childers' title. Childers was adjudged the owner of the land and was awarded $330 for the timber cut. That judgment was reversed because Childers failed to show title. The opinion points out also that the Vanovers were in possession of the 52 acres in dispute before the conveyance to French, and also that he had been in possession since that time.

This action was instituted in December, 1941, by Marcella Vanover and the legatees of Martha to recover the balance of the purchase money from French. He denied liability, and as a counterclaim set up that the loss of the 8.14 acres of land to Potter destroyed the

usefulness of a road which he had built through the Vanover tract at a cost of $800, and also made it impossible for him to market timber on a tract of land which he owned in Virginia. He also sought to recover $300 for timber which he said had been cut by Childers. The trial resulted in a judgment in favor of the appellees for $184. The judgment credited all payments made by French, including a $50 one for which no receipt was produced, and also the value of land lost to Potter on the basis of $6 per acre.

On this appeal French is questioning for the first time the right of the heirs of Martha Vanover to bring the action. It is too late to raise that question, because this Court will not consider questions raised for the first time on appeal. Combs, Judge, v. Knott County Fiscal Court, 283 Ky. 456, 141 S. W. 2d 859.

The foregoing quotation from the Vanover deed to French shows clearly that the latter knew of the claims of Potter and Childers. Russell Vanover carried out his part of the agreement by representing French in litigation with those two parties without charge. Due credit was made for the loss of acreage to Potter. The case of French v. Childers, supra, shows that French was in possession of the 52 acres which Childers claimed from the time he took the Vanover deed in 1933, and the opinion in that case indicates that it was French and not Childers who cut the timber. If Childers cut timber after 1933 while French was in possession of the tract in dispute, that was his problem and not that of the Vanovers. Russell Vanover agreed to defend title—not trespass.

There is conflicting proof as to the type and cost of the road built by French, and also as to whether he purchased the Virginia tract with the view of removing the timber therefrom over the road through the Vanover tract. There is proof also that the timber from the Virginia tract was removed by dropping it over cliffs. It seems to us the items of French's counterclaim are afterthoughts, and probably would not have been asserted had not the Vanovers sought to collect the balance of the purchase money. In any event, since we entertain no more than a doubt as to the correctness of the chancellor's ruling, the judgment is affirmed.