**PRICE et al. v. FERRA et al.**

Court of Appeals of Kentucky.

April 24, 1953.

As Modified on Denial of Rehearing June 19, 1953.

Napier & Napier, Hazard, for appellants.

Don A. Ward, Hazard, for appellees.

CULLEN, Commissioner.

This action involves the title to a tract of some 60 acres lying on Gay's Creek in Perry County. Judgment was entered for the plaintiffs, Otie Ferra and Malta Little, and the appeal is by the defendants, Jeff Price, Elmira Price and Floyd Gay.

The appellees own a tract at the head of Gay's Creek, and the appellants own an adjoining tract down the creek. The lower line of the appellees' tract is marked, in their deeds, by a small drain running down the mountain side and emptying into Gay's Creek near a white oak stump. The upper line of the appellants' tract likewise is marked by a small drain and white oak stump. The difficulty arises from the fact that there are two drains, each with a white oak stump near its mouth. One of the drains, claimed by the appellees to be the true line, empties into Gay's Creek 200 or 300 feet above the mouth of Spruce Pine Fork, while the other drain, claimed by the appellants to be the line, empties into the creek some 1500 feet above the mouth of Spruce Pine Fork, and very near the mouth of Bugger Fork. The parcel in dispute lies between the two drains.

We think it is reasonably clear that the drain referred to in the appellees' deeds is the lower one, because the point where the drain empties into the creek, at the oak stump, is described in the deeds as being "just above" the mouth of Spruce Pine Fork. It is not likely that this description would have been used to describe the upper drain, which lies some 1500 feet above the mouth of Spruce Pine Fork, and only 100 feet from the mouth of Bugger Fork.

The appellants contend that their deeds run to the upper drain, and that they have a superior title because they claim both under a senior patent and under prior con-

veyances from a common grantor. We think it may be conceded that the appellants have a superior title if their deeds cover the land in controversy, but we are not convinced by the proof that the appellants' deeds run to the upper drain so as to include the land.

The description in the deeds in appellants' chain of title begins at a point some distance below the mouth of Spruce Pine Fork; then runs up the mountain west of Brushy Fork of Gay's Creek and around to the east to a ridge which separates Brushy Fork of Gay's Creek from the main creek; "thence with the ridge to the head of ravine including all of the Brushy Fork of said creek; thence down the ravine to a white oak at the upper corner of a thousand acre survey made by Justus Bowling;" thence around to the east and south and west to the place of beginning.

The appellants' surveyor, who ran out the Bowling patent, identified the oak stump opposite the mouth of the upper drain as being the upper corner of the Bowling patent, referred to in appellants' deeds. On the other hand, the appellees' surveyors, who ran the appellants' deeds and part of the Bowling patent, identified the oak stump at the mouth of the lower drain as being the upper corner of the Bowling patent. We think the chancellor was entitled to accept the location fixed by the appellees' surveyors.

The appellants maintain that the lower drain could not have been the "ravine" referred to in their deeds, because the line around the ridge to the top of the drain is described as including all of the Brushy Fork, whereas the top of the lower drain is below the head of the Brushy Fork. As we understand the maps, however, the line if brought around the ridge to the top of the lower drain will circle all of the Brushy Fork and completely include it.

From the appellants' deeds, and the surveyors' maps and testimony, it cannot be determined positively that the appellants' line runs to the upper drain, rather than the lower. The appellants introduced numerous witnesses to establish the upper drain as being the reputed line, but several witnesses for the appellees were equally as sure that the lower drain was known as the line.

As we view the record, the appellees' deeds quite clearly run to the lower drain, while it is questionable whether the appellants' deeds run to the upper drain or to the lower drain. Under these circumstances, we cannot say that the chancellor erred in fixing the lower drain as the line.

The appellants, in addition to claiming paper title, also relied upon adverse possession. However, their open, visible and notorious possession was limited to the cutting of trees from time to time over a period of some 40 years. This was not such adverse possession as to invest title in the appellants, or to make the appellees' deeds void under the champerty statute, KRS 372.060. Swift Coal and Timber Co. v. Cornett, 249 Ky. 760, 61 S.W.2d 625; Bolin v. Buckhorn Coal & Lumber Co., 211 Ky. 847, 278 S.W. 154, 156.

The judgment is affirmed.