George BURCHFIELD, Appellant,

v.

Ralph PING et al., Appellees.

Court of Appeals of Kentucky.

Dec. 9, 1955.

Fritz Krueger, Somerset, for appellant.

John G. Prather, Somerset, for appellees.

HOGG, Judge.

This appeal by George Burchfield is from a judgment dismissing appellant's complaint and quieting the title to a tract of land in appellees. It was alleged in the complaint that appellees, Ping and Edwards, were trespassing upon appellant's land and cutting and removing timber therefrom. He asked that damages be awarded for the timber cut and that Ping and Edwards be permanently enjoined from trespassing upon the land and from cutting timber situated thereon. Ping and Edwards filed their answer stating that the timber had been cut and removed pursuant to a contract with Florence Crowe, Mamie Holmes, Juanita Hopper, and Bernice Garner. They were permitted to intervene in the action and filed a counterclaim against appellant, alleging ownership of the tract of land described in their counterclaim, and further alleging that appellant was claiming a portion thereof. They prayed that the complaint be dismissed and that their title to the land be forever quieted. The case came to trial before a jury, and the court at the conclusion of all the evidence instructed the jury to return a verdict for the appellees. Appellant insists that the court erred in failing to submit the case to the jury under appropriate instructions.

At the outset, it is suggested that this case is not subject to review because the record reflects that the monetary value of the timber was not over $316, and no motion for an appeal was made as provided by KRS 21.080. But it must be remembered that an injunction upon final judgment was also sought to prevent an alleged continuing wrong, which in this instance is hardly translatable into a monetary valuation. See Kentucky Unemployment Compensation Commission v. Chenault & Orear, 295 Ky. 562, 174 S.W.2d 767; McLean v. Thurman, Ky., 273 S.W.2d 825. The nature of the proceeding is not controlling, and it is to be borne in mind that an injunction proceeding may not be invoked to circumvent the requirement that a certain jurisdictional amount be shown where the amount or thing in controversy is of such a tangible nature that its monetary value reasonably may be shown. No motion for an appeal was necessary.

As to the merits of the case, the record discloses that appellant testified that he had purchased two adjoining tracts of land from John T. Baker and his wife in 1915; that a deed was delivered to him for the property but was never recorded and that he lost it in 1944. While he did not file or produce any deed by which he claimed the land in controversy, he did recite from memory the calls and distances to the land which he claimed. One of the tracts he claimed to have bought overlapped onto the land known as the Ping tract, which is claimed by the intervening appellees. This lap consists of about 30 acres and is the land in controversy. Appellant does not contend that he has any record title to the land in controversy, but relies solely upon his plea of adverse possession for his title.

The intervening appellees clearly established record title to the Ping tract, tracing their title back to the patent issued by the Commonwealth of Kentucky. The last conveyance in the chain of title was to C. C. Crowe on July 12, 1934. Crowe died intestate, leaving his wife and three daughters, the intervening defendants, as his heirs.

The land in question has never been in the actual possession of either appellant or appellees. It is wild, unfenced, uncultivated, and uninhabited timberland. Appellant lived on an adjoining tract of land about 165 yards from the lap in controversy. His sole evidence of possession of

this wild tract of land was a sporadic cutting of timber. Specifically, he testified that he had cut timber off the land from time to time since he first owned it, as he says, in 1916, and never permitted anyone else to cut timber upon the land. Incidentally, several witnesses testified that they had cut timber on the land with the Crowes' permission.

As a part of the appellant's evidence, it is shown that he recovered a judgment by default in an action brought by himself against Baker and his unknown heirs, which declared him to be the owner of the tract in controversy. The judgment recited that appellant had lost the deed which Baker had executed to him, and that Baker and his unknown heirs were properly before the court by warning order. The description set forth in the judgment corresponded to the description recited by appellant from memory. Assuming that the judgment against Baker and his unknown heirs was valid as to them, such judgment would not be binding upon appellees because appellees did not derive their title from Baker and consequently there was no privity in estate. 30 Am.Jur., Judgments, Sec. 225.

When we consider the evidence offered by appellant in support of his contention that the case was submittable to the jury on the question of adverse possession, we think it is clearly apparent that his contention is without merit. He had never lived on this land and had never enclosed any part of it by fence. As we have heretofore pointed out, his only evidence of possession was a sporadic cutting of timber. Appellees had record title to the tract in controversy which put appellant upon constructive notice of their claim to the property. It has long been recognized that a mere occasional entry upon land to cut timber does not constitute sufficient possession to establish title by adverse possession, even though such cutting of trees took place over a period of many years. Swift Coal & Timber Co. v. Cornett, 249 Ky. 760, 61 S.W.2d 625; Prive v. Ferra, Ky., 258 S.W.2d 460; D. B. Frampton & Co. v. Saulsberry, Ky., 268 S.W.2d 25.

Appellant failed to introduce sufficient evidence raising an issue of adverse possession. It is well settled that in an action for trespass on land, where the title to the land is put into issue, the plaintiff must recover on the strength of his own title. French v. Childers, 280 Ky. 339, 133 S.W.2d 63.

The judgment is affirmed.