Jeff PRICE et al., Appellants,

v.

Otie FARRA et al., Appellees.

Court of Appeals of Kentucky.

May 12, 1961.

———◆———

J. W. Craft, Jr., Hazard, for appellants.

Don A. Ward, Hazard, for appellees.

PALMORE, Judge.

This is the fourth opinion written by this court in a running battle between the same parties with respect to the boundary joining their respective lands on Gays Creek, a tributary of the Middle Fork of Kentucky River in Perry County. See Price v. Ferra, Ky.1953, 258 S.W.2d 460; Price v. Wells, Ky.1956, 290 S.W.2d 612; and Price v. Farra, Ky.1957, 306 S.W.2d 286.

The first case involved the boundary on the west side of Gays Creek. Then the controversy was resumed on the east side of the creek, and the trial court undertook to fix the course and location of the bound-ary as it continued on that side. In a man-damus proceeding, Price v. Wells, supra, the judgment in this respect was found to be ambiguous and the trial judge was directed to conduct further proceedings and amend the judgment "to define accurately the line east of Gays Creek." However, he proceeded to re-enter the same judgment, and in the third opinion above mentioned it was reversed with directions for appropriate proceedings in compliance with the second opinion. Accordingly, an amended judgment was entered establishing the boundary in question as follows:

"Beginning on a large oak stump on said Gays Creek on the side of the County Road and near where it crosses said Gays Creek just above the mouth of Spruce Pine Fork in the dividing line between the lands of William Begley and the lands of Jesse Begley and thence running with the dividing line of a southeast course up the mountain side to the top of the ridge above the mouth of said Spruce Pine Branch or Fork, intersecting with the line of a thousand acre survey made by Jesse Begley May 10, 1848."

There was no appeal from the judgment as thus amended, and it is binding on all parties. Apparently, however, it is still ambiguous.

It will be observed from the first opinion, 258 S.W.2d 460, that the dispute was reduced to the question of which of two white oak stumps marked the boundary. One stump is located next to a barn near the mouth of Spruce Pine Fork. The other is near the mouth of Bugger Fork, some distance to the north. Both of these forks enter Gays Creek from the east, and although in the first case the fight concerned the boundary on the west side of Gays Creek, the easterly terminus of the line established in that suit was the stump near the barn at the mouth of Spruce Pine Fork, just to the east of Gays Creek. As that point is where the court left off in the first case, it must also be where it takes up in

this case. Otherwise it seems that there would be a gap in the perimeter descriptions of the respective tracts. Moreover, it cannot be assumed that the amended judgment was intended to conflict with the opinion in 258 S.W.2d 460, which was the law of the case.

This case was a new suit claiming damages for the wrongful cutting and removal of timber. It was tried by the court without a jury. The issue of who owned the timber mentioned in the evidence resurrected the boundary question. The learned trial judge heard testimony on both sides as to the correct location of the stump mentioned in the amended judgment in the earlier suit, and he likewise heard conflicting evidence as to the location of the boundary line as described in that judgment. We certainly cannot say that his conclusions were "clearly erroneous." In fact, they look to be entirely correct.

Judgment affirmed.