## Combs, Judge, v. Knott County Fiscal Court et al.

June 11, 1940.

John W. Caudill, Judge.

Combs & Combs, Carl Perkins and J. C. Burnett for appellant.
Dan Martin for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

By order of the fiscal court of Knott county the annual salary of Robert Combs, the county judge, has been fixed at $1,200. He prosecuted an appeal to the circuit court by filing therein a certified copy of the order and a statement of appeal wherein he set forth reasons why the salary was not sufficient to fairly and reasonably compensate him for his official services. By consent of the parties, or at least without objection, the case was submitted to a jury and trial on appeal resulted in a verdict and judgment confirming the action of the fiscal court and fixing the salary and compensation of the county judge at the same amount, and this appeal followed.

It is argued by appellant that the salary fixed by the fiscal court, and affirmed by judgment of the circuit court, is unreasonable and wholly inadequate to compensate him fairly and reasonably for his services as county judge. Text authorities and cases from foreign jurisdictions are cited which set forth as a general principle, the soundness of which cannot be questioned, that the matter of fixing the salaries of public officials is impressed with public interest and that officials invested with authority to fix such salaries should act justly and reasonably and not arbitrarily in so doing, because inadequacy of salary tends toward lessening the vigor and efficiency of public service and discourages competent persons to seek or accept public positions. On the other hand it is axiomatic that officials are not entitled to

public largess or bounty but only to compensation commensurate with the duties of their office.

Appellant and a number of witnesses introduced by him testified in effect that the salary fixed by the fiscal court was unreasonably low and the amount specified as a reasonable salary ranged from $1,800 to $2,400 per annum. However, in enumerating his duties he and others included some for which he was entitled to statutory fees in addition to the compensation fixed for him by the court. He also testified that he had and would incur expenses in making trips in and out of the county in connection with official duties. He also included office supplies in the items of expense. The evidence shows that the necessary supplies for county officials are provided for in the county budget and if it is actually necessary for the county judge to make some of the trips referred to in the discharge of official duties he should be reimbursed by the fiscal court for expenses thereby incurred. The evidence shows that the compensation fixed for appellant compares favorably with that fixed for other officials of the county; and comparatively speaking is not out of line with salaries and compensation allowed county judges of other counties. See Robinson v. Elliott County, 242 Ky. 301, 46 S. W. (2d) 115; Brown v. Laurel County, 175 Ky. 747, 194 S. W. 907.

Four members of the fiscal court who participated in the proceeding when the salary was fixed testified that they were acquainted with the duties of the office of county judge and that the compensation fixed was adequate and reasonable and the jury hearing the evidence reached the same conclusion. The correctness of the instructions given is not called in question. While, as will be seen, the evidence was strongly conflicting there was evidence of a substantial and probative character on which to base the verdict rendered. It is an unvarying rule that the verdict of a properly instructed jury supported by substantial evidence is conclusive and should not be set aside on appeal. Cincinnati N. & C. Ry. Co. v. Rairden, 231 Ky. 141, 21 S. W. (2d) 236; Howind v. Scheben, 233 Ky. 139, 25 S. W. (2d) 57; Addington v. Chatham, 228 Ky. 430, 15 S. W. (2d) 254; Poston v. Board of Education, etc., 216 Ky. 525, 287 S. W. 973.

It is further argued that the order fixing the salary of the county judge did not allow him any compensation for trial of criminal misdemeanor cases as required by

statute. Bingham, County Judge, v. Bell County Fiscal Court, 255 Ky. 664, 75 S. W. (2d) 334, is cited. Section 1072, Kentucky Statutes, provides that a county judge shall receive an anual salary to be fixed at a reasonable amount by the fiscal court, payable in monthly installments, and Section 1732a-2 provides that the fiscal court shall fix a reasonable compensation for the county judge for services in criminal misdemeanor cases, this to be in addition to what is generally referred to as the regular salary of the county judge. In the Bingham case the county judge petitioned for, but was denied, a writ of mandamus directing the members of the fiscal court to assemble and fix for him a reasonable compensation for his services in misdemeanor cases. The defendants by answer pleaded, and over Bingham's objections were permitted to prove, that the order fixing the salary of the county judge at $150 per month was intended to and did include compensation for his services in misdemeanor cases. It was held in effect that this pleading and proof was improper because fiscal courts speak through their records, and further that Section 1732a-2, supra, indicates the legislative intent that the county judge's regular salary and his compensation provided in that section should be kept separate. It is manifest from the record that the Bingham case is not applicable here because appellant himself testified that the fiscal court fixed his salary at $900 but later added $300 to cover his services in misdemeanor cases. Not only so, but appellant is precluded from raising that question on appeal because it was not raised or relied upon in the court below. It is an unvarying rule that a question not raised or adjudicated in the court below cannot be considered when raised for the first time in this court. Benefit Association of Ry. Employees v. Secrest, 239 Ky. 400, 39 S. W. (2d) 682.

Apparently because this question was raised for the first time in this court appellees have attached to their brief a certified copy of an order of the fiscal court showing that the salary of the county judge was fixed at $900 per annum and that by a separate paragraph he was allowed $300 as additional compensation for services in misdemeanor cases. This order as shown was entered as of the same date as the certified copy of the order filed by appellant in the circuit court. This order which does not appear in the record has not been given any consideration in the determination of the appeal

and the same conclusion would necessarily have been reached if it had not been called to the court's attention.

Judgment affirmed.