RENDERED: APRIL 9, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1894-MR

NATHAN KITTINGER                                    APPELLANT

v.          APPEAL FROM HOPKINS CIRCUIT COURT
HONORABLE JAMES C. BRANTLEY, JUDGE
ACTION NO. 17-CR-00292

COMMONWEALTH OF KENTUCKY                       APPELLEE

AND
NO. 2019-CA-1895-MR

NATHAN KITTINGER                                    APPELLANT

v.          APPEAL FROM HOPKINS CIRCUIT COURT
HONORABLE JAMES C. BRANTLEY, JUDGE
ACTION NO. 17-CR-00334

COMMONWEALTH OF KENTUCKY                       APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, DIXON, AND K. THOMPSON, JUDGES.

ACREE, JUDGE:  Nathan Kittinger appeals the Hopkins Circuit Court's December 11, 2019 order denying his motion for shock probation finding it lacked jurisdiction.  We affirm.

## BACKGROUND

Kittinger pleaded guilty to a myriad of crimes, resulting in a prison sentence of seven years.  While in prison Kittinger completed a long-term drug rehabilitation program.  He continued to participate in the program for another 90 days as a Peer Mentor.

Some six months into his sentence, Kittinger timely filed a motion for shock probation.  The Commonwealth opposed the motion.  However, Kittinger's case sat idle for almost six months.  On December 11, 2019, eleven months after his incarceration, the circuit court eventually entered an order stating:

> These cases are before the court on the Defendant, Nathan Kittinger's, motions for shock probation.  Mr. Kittinger's judgments and sentences on a plea of guilty were entered January 11, 2019, a motion for shock probation on each case were [sic] filed June 28, 2019. These files were not delivered to the circuit judge's office until it was called to the undersigned's attention that some files that had shock probation motions filed and pending had not been delivered to this circuit judge's office.  Staff immediately began to examine files and on December 3, 2019 discovered a small number of files that have shock probation motions filed with the clerk but not submitted to the judge.  It appears the shock probation motions in Mr. Kittinger's files were filed within the 180-day time period.

However, *KRS*[1] *439.265(2)* provides that the court shall consider a shock probation motion within 60 days of filing and enter its ruling within 10 days thereafter.

It appears that this court no longer has jurisdiction to rule on the motions for shock probation. If counsel wishes to submit argument for reconsideration this court is open thereto.

(Trial Record (T.R.) p. 86-87 and 91-92). This appeal followed.

## ANALYSIS

Although KRS 439.265(2) prohibits appellate review of "[a]ny court order granting or denying a motion to suspend further execution of sentence[,]" the statute does not prevent this Court from determining whether the circuit court properly exercised or declined to exercise jurisdiction to enter an order in the first place. *Commonwealth ex rel. Hancock v. Melton*, 510 S.W.2d 250 (Ky. 1974); *Terhune v. Commonwealth*, 907 S.W.2d 779 (Ky. App. 1995). This Court has jurisdiction to consider that jurisdictional question, provided the appellant preserved his claim of error in the circuit court.

"It is an unvarying rule that a question not raised or adjudicated in the court below cannot be considered when raised for the first time in this court." *Combs v. Knott Cty. Fiscal Court*, 283 Ky. 456, 141 S.W.2d 859, 860 (1940); *see Benefit Ass'n of Ry. Employees v. Secrest*, 239 Ky. 400, 39 S.W.2d 682, 687

---

[1] Kentucky Revised Statutes.

(1931). In this case, the circuit court invited Kittinger to move for reconsideration of the court's ruling on jurisdiction and to support the motion with supporting argument, but he never availed himself of that opportunity.

In this Court, that missed opportunity requires dismissal. The only argument Kittinger makes before this Court is not preserved for appellate review.

We are sympathetic to Kittinger's plight because the circuit court failed to render a decision within the statutory deadlines. The circuit court must allocate its limited judicial resources as it best sees fit. Similarly, any solution to the problem rests with the circuit court's administration. It is beyond the authority of this Court to remedy.

## **CONCLUSION**

For the foregoing reasons, the judgment of the Hopkins Circuit Court is affirmed.

DIXON, JUDGE, CONCURS.

THOMPSON, K., JUDGE, CONCURS IN RESULT ONLY.

BRIEFS FOR APPELLANT:

Shannon Dupree
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky