RENDERED:  FEBRUARY 11, 2022; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0611-MR

CLAYTON PARKER                                                           APPELLANT

v.            APPEAL FROM HENDERSON CIRCUIT COURT
HONORABLE KAREN LYNN WILSON, JUDGE
ACTION NO. 12-CR-00241

COMMONWEALTH OF KENTUCKY                            APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  JONES, LAMBERT, AND K. THOMPSON, JUDGES.

LAMBERT, JUDGE:  Clayton Parker appeals *pro se* from the Henderson Circuit Court's denial of his Kentucky Rules of Civil Procedure (CR) 60.03 motion.  We affirm.

Pursuant to his guilty plea, Parker was sentenced in March 2013 to a total of ten years' imprisonment for second-degree assault, leaving the scene of an accident, and failure to maintain automobile insurance.  Though there is not a motion for shock probation in the record, on August 30, 2013, the circuit court

judge signed an order granting Parker shock probation pursuant to Kentucky Revised Statute (KRS) 439.265. That order states that further execution of Parker's sentence is suspended and he "is hereby placed on probation . . . for a period of five (5) years from the date hereof . . . ."

In April 2018–more than five years after Parker was sentenced but less than five years after he was granted shock probation–a probation and parole officer filed an affidavit asserting that Parker had violated the conditions of his shock probation by incurring new drug-related charges and by possessing a firearm. The circuit court soon thereafter issued an arrest warrant based on those allegations. In August 2018, not quite five years after having granted him shock probation, the circuit court revoked Parker's probation due to finding that he had violated its terms by committing new criminal offenses.

Though not discussed by the parties, we note that in August 2019, Parker filed a motion asking the court to run the ten-year sentence in this case (for which he received the subsequently-revoked shock probation) concurrently to a newer sentence he received in a different case. Although that *pro se* motion was not drafted with clarity and precision, nor do we have the record in the newer case before us, it appears as if Parker was attempting to allege that his shock probation had already expired by the time it was revoked. In August 2019, the circuit court

denied Parker's motion for concurrent sentencing, explaining that Parker's probation had not expired before it was revoked. Parker did not appeal.

In March 2020, the circuit clerk filed Parker's "petition for independent action pursuant to CR 60.03[,]" along with a supporting memorandum. The **_sole_** basis for relief raised by Parker was that his counsel in 2013 had been ineffective.[1] Without requiring a response from the Commonwealth, the circuit court swiftly denied Parker's motion. The court concluded that the motion was not filed within a reasonable time and that Parker could have raised his ineffective assistance of counsel arguments via a Kentucky Rules of Criminal Procedure (RCr) 11.42 motion but, since he did not do so, he was ineligible for relief under CR 60.02 or 60.03. Parker then filed this appeal.[2] Parker's notice of appeal states that he is appealing only from the orders denying his CR 60.03 petition and the accompanying request for counsel.

---

[1] In its entirety, CR 60.03 provides:

> Rule 60.02 shall not limit the power of any court to entertain an independent action to relieve a person from a judgment, order or proceeding on appropriate equitable grounds. Relief shall not be granted in an independent action if the ground of relief sought has been denied in a proceeding by motion under Rule 60.02, or would be barred because not brought in time under the provisions of that rule.

[2] Issuance of this Opinion was delayed due to Parker and the Commonwealth each receiving two extensions of time to submit their respective briefs.

Parker is not entitled to relief for multiple reasons, both procedural and substantive. For example, he has not filed the independent action specifically envisioned by CR 60.03. However, we need not discuss all the reasons Parker's appeal must fail because his brief in this Court makes allegations wholly different from those found in his CR 60.03 petition. His counsel's alleged ineffectiveness formed the *entire* basis for his CR 60.03 motion, but Parker does not make *any* ineffective assistance of counsel allegations on appeal. Instead, Parker's brief only contains his factually incorrect assertion that his five-year shock probation had expired prior to it being revoked, which Parker hazily contends means a subsequent persistent felony offender conviction was improper. Parker's CR 60.03 petition does not mention this faulty assertion.

With limited exceptions not present here, such as some jurisdictional challenges, Kentucky precedent has unwaveringly held for decades that a party cannot raise new issues on appeal. *See, e.g.*, *Combs v. Knott County Fiscal Court*, 283 Ky. 456, 141 S.W.2d 859, 860 (1940). That principle applies to criminal post-conviction challenges. *See, e.g.*, *Koteras v. Commonwealth*, 589 S.W.3d 534, 541 (Ky. App. 2018). Because Parker has abandoned the allegations which formed the entire basis for his CR 60.03 petition and instead substituted new arguments, he is not entitled to relief.

Arguably, though his analysis is not precisely the same, Parker raised the core of his argument that his probation had expired prior to its revocation in his motion for concurrent sentencing. But the circuit court denied that motion and Parker did not appeal that decision, and the time to do so had long since expired prior to Parker filing his CR 60.03 petition. And Parker's notice of appeal does not refer to the denial of his motion to run sentences concurrently. *See* CR 73.03(1) (requiring a notice of appeal to "identify the judgment, order or part thereof appealed from.").

In other words, even the most lenient application of the substantial compliance doctrine generally utilized for notices of appeal would not allow Parker to challenge here the long-ago denial of his motion for concurrent sentences. Instead, the *only* decisions at issue are the denial of Parker's CR 60.03 petition and his request for appointment of counsel. And those motions do not raise the arguments in Parker's brief.[3]

---

[3] Parker attached to his brief in this Court what purports to be a CR 60.02 motion which contains an argument that his probation had expired before it was revoked. But, as the Commonwealth correctly notes, that motion is dated October 2020, roughly six months after Parker filed his notice of appeal. Thus, the CR 60.02 motion is not in the record certified by the Henderson Circuit Court Clerk in September 2020 (nor could it have been) and is not properly before this Court. *See, e.g.*, *Brooks v. Byrd*, 487 S.W.3d 913, 920 (Ky. App. 2016). The question before us is whether the circuit court erred in denying Parker's CR 60.03 petition, not whether his later CR 60.02 motion or earlier motion for concurrent sentencing, each of which raises wholly different issues than his CR 60.03 motion, is meritorious. In any event, as we shall soon discuss, Parker's argument that his probation had expired before it was revoked is incorrect.

-5-

Because Parker may not raise these new allegations on appeal, he is not entitled to relief. We thus decline to address the other arguments raised by the Commonwealth. However, to hopefully clear up Parker's apparent confusion and eliminate any need to raise the issue in the future, we will briefly explain why his claim that his shock probation had expired by the time it was revoked is incorrect.

Parker alleges that his probation began when he was originally sentenced in March 2013. But that judgment did not grant probation to Parker; to the contrary, it explicitly ordered him to be imprisoned for ten years. The shock probation order, which was signed by the judge on August 30, 2013, placed Parker on probation for five years "from the date hereof . . . ." That August 2013 order, not the March 2013 judgment, placed Parker on probation and thus began the running of his five-year probationary period.

The warrant for probation violation was issued in April 2018. Because that was less than five years after Parker had been granted probation, his probation obviously had not yet expired. "[T]he issuance of a warrant for a probation violation will toll the period of probation preventing the probationer from being automatically discharged pursuant to KRS 533.020(4). The warrant, however, must be issued before the expiration of the period of probation." *Whitcomb v. Commonwealth*, 424 S.W.3d 417, 420 (Ky. 2014). That is precisely what occurred here, so Parker's five-year probationary period is deemed to have

stopped running as of the issuance of the warrant, meaning that the days which occurred between the issuance of the warrant and the revocation hearing did not count against Parker's five-year probationary period. Regardless, the circuit court signed the order revoking Parker's five-year probation on August 13, 2018, and that revocation order was entered by the clerk on August 28, 2018. Simple mathematics shows that even the latest possible revocation date, August 28, 2018 (when the clerk filed the revocation order), is less than five years from the earliest possible date probation began, August 30, 2013 (when the court signed the shock probation order). Thus, it is inarguable that Parker had not served five years on probation on the date it was revoked.

For the foregoing reasons, the order of the Henderson Circuit Court denying Clayton Parker's CR 60.03 petition is affirmed.

JONES, JUDGE, CONCURS.

THOMPSON, K., JUDGE, DISSENTS AND FILES SEPARATE OPINION.

THOMPSON, K., JUDGE, DISSENTING: Respectfully, I dissent. While I concur with the result of this case insofar as affirming the denial of Parker's CR 60.03 petition based upon the allegation of ineffective assistance of counsel, I must dissent with the majority's decision to address his claims that his period of shock probation had expired prior to revocation and his subsequent persistent felony offender conviction.

As those allegations were not properly before us on appeal and may also implicate the "newer case" referenced in the majority opinion, I would dismiss that portion of the appeal without prejudice to state that any justiciable issues subject to review may be addressed should Parker hereafter make proper petition to the appropriate circuit or appellate court.

Accordingly, I dissent.


BRIEF FOR APPELLANT:

Clayton Parker, *pro se*
Lexington, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Jenny L. Sanders
Assistant Attorney General
Frankfort, Kentucky