RENDERED:  JULY 15, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0886-MR

CURTIS HALL                                                                 APPELLANT

v.
APPEAL FROM FRANKLIN CIRCUIT COURT
HONORABLE THOMAS D. WINGATE, JUDGE
ACTION NO. 17-CI-00349

KENTUCKY TEACHERS'
RETIREMENT SYSTEM                                                           APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  GOODWINE, JONES, AND MAZE, JUDGES.

MAZE, JUDGE:  Curtis Hall appeals from a summary-judgment order of the

Franklin Circuit Court on his claims against the Kentucky Teachers' Retirement

System (KTRS).  Hall argues that the trial court misinterpreted the provisions of

KRS[1] 161.540(1)(d) regarding his entitlement to service credit for unused annual leave. We conclude that Hall failed to preserve his current argument regarding the application of the statute and that the trial court's interpretation is consistent with the plain language of the statute. Hence, we affirm.

The relevant facts of this action are not in dispute. The KTRS was established "for the purpose of providing retirement allowances for teachers, their beneficiaries, and survivors . . . ." KRS 161.230. Hall became a member of the KTRS in 1986. On March 1, 2011, Hall and the Ludlow Board of Education entered into an "Employment Separation Agreement and Mutual Release." Under section (3) of the Agreement, the Ludlow Board of Education was to "compensate Hall for 100 days of unused and accrued vacation days from the previous years on a pro rata basis for the 2010-2011 school year, but limited per KRS 161.540(1)."

On May 11, 2011, Hall began employment as Executive Director of Northern Kentucky Cooperative for Educational Services. He remained an active, contributing member of KTRS until his retirement in July 2015. Shortly before that date, Hall submitted an application for Service Retirement. KTRS contacted the Ludlow Board of Education to obtain a copy of its holiday and annual leave policy. Upon receipt of that information, KTRS conducted an audit, which

---

[1] Kentucky Revised Statutes.

concluded that the accrued vacation days for which Hall had already been compensated could not be used in the calculation of his retirement benefits. The KTRS reduced Hall's retirement benefits accordingly. The KTRS also refunded the retirement payments made in 2011 based on the payout for the accrued vacation days.

Thereafter, Hall brought this action, alleging that KTRS erred in its interpretation of KRS 161.540(1). Specifically, Hall argued that he was entitled to service credit for the 100 days of accrued vacation days from previous years on a pro rata basis for the 2010-2011 school year. He contends that the KTRS misapplied KRS 161.540 as excluding the credit, resulting in a reduction of $500 per month in his retirement benefits.

Eventually, KTRS moved for summary judgment. After consideration of the record and arguments of counsel, the trial court granted the motion. The court concluded that KRS 161.540 only authorizes service credits for unused annual leave to "retiring" members. Since Hall was not eligible for retirement when he left the Ludlow Board of Education in 2011, the court determined that he was not eligible for service credit under the statute. Hall now appeals.

Our "standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres*

*v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996). Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR[2] 56.03. The trial court must view the record "in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Summary judgment is proper only "where the movant shows that the adverse party could not prevail under any circumstances." *Id.*

The sole issue on appeal concerns the trial court's interpretation of the version of KRS 161.540(1)(d) which was in effect while Hall was an active member of KTRS. Matters of statutory interpretation are issues of law, which we review *de novo*. *Jefferson Cty. Bd. of Educ. v. Fell*, 391 S.W.3d 713, 718 (Ky. 2012). "When the words of the statute are clear and unambiguous and express the legislative intent, there is no room for construction or interpretation and the statute must be given its effect as written. Only if the statute is ambiguous . . . or otherwise frustrates a plain reading, do we resort to the canons or rules of

---

[2] Kentucky Rules of Civil Procedure.

construction[.]" *Norton Hospitals, Inc. v. Peyton*, 381 S.W.3d 286, 292 (Ky. 2012)

(citations omitted).

KRS 161.540(1)(a) sets forth the applicable contribution rates for each individual who became a member of KTRS prior to July 1, 2008. The version of KRS 161.540(1)(d) during the period at issue[3] sets out a member's entitlement to service credit for unused annual leave as follows:

> Payments authorized by statute that are made to retiring members, who became members of the system before July 1, 2008, for not more than sixty (60) days of unused accrued annual leave shall be considered as part of the member's annual compensation, and shall be used only for the member's final year of active service. The contribution of members shall not exceed these applicable percentages on annual compensation. When a member retires, if it is determined that he has made contributions on a salary in excess of the amount to be included for the purpose of calculating his final average salary, any excess contribution shall be refunded to him in a lump sum at the time of the payment of his first retirement allowance. In the event a member is awarded a court-ordered back salary payment the employer shall deduct and remit the member contribution on the salary payment, plus interest to be paid by the employer, to the retirement system unless otherwise specified by the court order.

---

[3] During its 2021 session, the General Assembly repealed, reenacted, and amended KRS 161.540. 2021 Ky. Acts ch. 157 § 7 (eff. Jan. 1, 2022). The provisions regarding compensation for unused annual leave are currently codified in KRS 161.540(1)(f), with some changes. In 2018, the provisions of KRS 161.540(1)(d) regarding compensation for unused annual leave were amended several times. *See* 2018 Ky. Acts ch. 107 § 57 (eff. Jul. 14, 2018); 2018 Ky. Acts ch. 207 § 94 (eff. Apr. 27, 2018); and 2018 Ky. Acts ch. 171 § 94 (eff. Apr. 14, 2018). For purposes of this appeal, we must apply the version of KRS 161.540(1)(d) enacted in 2010 Ky. Acts ch. 59 § 6 (eff. Jul. 1, 2010).

In the proceedings before the trial court, Hall argued that he retired twice: once when he left his position as Superintendent of the Ludlow Independent Schools and again when he left his position as Executive Director of Northern Kentucky Cooperative for Educational Services. As a result, he took the position that each "retirement" was a qualifying event under the statute, and he was entitled to credit for the accrued annual leave paid out in 2011.

In rejecting this argument, the trial court noted that the terms "retire" and "retiring member" are not defined under KRS Chapter 161. Consequently, those terms must be given their ordinary meanings, and considered in light of the statutory prerequisites for service retirement under KRS 161.600. The trial court noted that Hall did not withdraw from his occupation or professional career when he left the Ludlow Board of Education in 2011. Furthermore, he was not statutorily eligible for retirement at that time. Since he did not "retire" within the common or statutory meaning of the word, the trial court concluded that he was not eligible for service credit based upon the unused annual leave which was paid out in 2011.

On appeal, Hall concedes that he did not retire from the Ludlow Board of Education in 2011, and he was not statutorily eligible for service retirement at that time. However, he argues that KTRS may only apply a school district's policy for payment of accrued leave when that policy is in accordance

with KRS 161.540(1)(d). Because the 2011 Separation Agreement was inconsistent with the statute, Hall maintains that he should not have received the payout from the Ludlow School District for the accrued leave days. But since this payment was made in error, Hall asserts that he remains eligible for service credit for those contributions.

KTRS points out that Hall did not raise this exact argument to the trial court below. It is well-established that "a question not raised or adjudicated in the court below cannot be considered when raised for the first time in this court." *Fischer v. Fischer*, 197 S.W.3d 98, 102 (Ky. 2006) (citing *Combs v. Knott County Fiscal Court*, 283 Ky. 456, 459, 141 S.W.2d 859, 860 (1940)). *See also Taylor v. Kentucky Unemployment Ins. Comm'n*, 382 S.W.3d 826, 835 (Ky. 2012), and *Ten Broeck Dupont, Inc. v. Brooks*, 283 S.W.3d 705, 734 (Ky. 2009). Hall contends that the proper interpretation of KRS 161.540(1)(d) was directly presented to the trial court, and his current position remains within the scope of that inquiry. We disagree.

As discussed above, Hall's argument to the trial court concerned the meaning of the word "retire" as used in KRS 161.540(1)(d). On appeal, he argues that the terms of his Separation Agreement were not applied consistently with the terms of the statute. Although both arguments concern the proper interpretation of the statute, they address very distinct legal and factual questions. In the absence of

proper preservation of the issue, we cannot address Hall's current allegation of error.

Furthermore, we cannot find that the trial court's holding was plainly at odds with the express wording of KRS 161.540(1)(d). As the trial court concluded, KRS 161.540(1)(d) only authorized service credits for "[p]ayments authorized by statute that are made to retiring members" and "shall be used only for the member's final year of active service." In this case, Hall did not retire in 2011 and he was not eligible for retirement. He received the payments under the Separation Agreement as part of his annual compensation. Thus, he was not entitled to service credit for those days upon his retirement in 2015.

Accordingly, we affirm the summary judgment of the Franklin Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

C. Ed Massey
Erlanger, Kentucky

BRIEF FOR APPELLEE:

Tamela A. Biggs
Frankfort, Kentucky