# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, RAP 40(D),  THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE  ACTION.

RENDERED: APRIL 27, 2023
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2021-SC-0495-MR

JOSHUA TURNER                                                      APPELLANT

V.             ON APPEAL FROM KENTON CIRCUIT COURT
               HONORABLE KATHLEEN LAPE, JUDGE
                        NO. 20-CR-01275

COMMONWEALTH OF KENTUCKY                                            APPELLEE

**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

This case comes before the Court on appeal as a matter of right[1] by Joshua Turner, the Appellant, from the judgment and sentence of the Kenton Circuit Court. Turner was convicted by a jury of first-degree rape (victim under twelve); two counts of first-degree sodomy (victim under twelve); and three counts of incest. He was sentenced to life in prison. He now appeals for two alleged errors. First, the trial court failed to give lesser-included offense instructions for sexual abuse in the first degree under the two greater offenses of first-degree sodomy. Second, that the prosecutor committed misconduct in his closing argument. For the following reasons, we affirm.

---

[1] Ky. Const. § 110(2)(b).

## I. Facts

Rachel Irwin was the longtime girlfriend of Turner, and the couple had two children together, one of whom is A.T.,[2] one of Turner's victims. Turner had another daughter, B.H., by another woman and who did not live with the family but visited regularly. She was his second victim. B.H. was eleven years old at the time of the abuse and A.T. was eight years old. In September of 2020, Turner began to sell the belongings of his two children by Irwin. Irwin wanted to see if she could identify the buyers and get those possessions back, so she took an opportunity to look through Turner's phone while he was asleep. It was then she discovered videos on the phone that showed Turner engaging in sexual acts with A.T. and B.H. Turner was identifiable due to distinguishing tattoos on his hands. A.T. and B.H. were identifiable due to underwear Irwin knew to be theirs from doing the laundry. A.T. was also identifiable due to her bedsheets.

Irwin took the phone to the Park Hills Police Department. A search warrant was executed on Turner's home and the underwear and bedsheets in the videos were gathered into evidence. Detective Nick Klaiss was assigned to the case and testified to finding photographs and videos on Turner's phone depicting his abuse. One video of A.T. depicts Turner thrusting his penis in between her buttocks. Another video of B.H. depicts the same conduct. Again, the underwear the girls were wearing are what made the victims identifiable,

---

[2] We use initials to protect the identity of the victims.

and Turner's tattoos made him identifiable. These two videos predicated the counts of first-degree sodomy.

After the close of evidence, Turner submitted three lesser-included instructions of first-degree sexual abuse: two for the counts of sodomy and one for the count of rape. The Commonwealth conceded the lesser-included instruction was justified for the count of rape, but it opposed the instructions for the counts of sodomy. Turner first argued that the videos did not show penetration, which his counsel believed was a necessary element. Informed penetration was not a necessary element of sodomy, trial counsel then argued for the lesser-included instructions on the basis of the presence, or lack thereof, of sexual gratification, arguing it was an issue for the jury. The Commonwealth argued that the lesser-included instructions were not merited by the evidence and the trial court agreed. The trial court concluded, "The videos speak to themselves. To the sodomies, there's no facts that support the lesser-included [offenses]."

Finally, Turner alleges during closing arguments for the penalty phase of the trial the Commonwealth stated to the jury, "It's no secret that victims of sexual abuse look forward to a life of mental health issues, substance abuse [and] depression." Turner concedes he did not object to this statement at trial therefore it is unpreserved. He now argues, however, that neither victims testified to their mental state nor did an expert testify as to mental issues involving sexual abuse victims; thus, the statement had no evidentiary basis

3

nor was it a reasonable inference from the evidence and therefore palpable error.

## II. Analysis

### A. Lesser-included Instructions not Justified

"An instruction on a lesser included offense is required only if, considering the totality of the evidence, the jury might have a reasonable doubt as to the defendant's guilt of the greater offense, and yet believe beyond a reasonable doubt that he is guilty of the lesser offense." *Mash v. Commonwealth*, 376 S.W.3d 548, 559 (Ky. 2012) (quoting *Miller v. Commonwealth*, 283 S.W.3d 690, 699 (Ky. 2009)). We review for an abuse of discretion in the failing to give a requested jury instruction. Thus, we will not disturb the ruling unless it is arbitrary, unfair, or not based on sound legal principles. In the civil context—though equally applicable in the criminal law as well—we have admonished that

> Appellate courts must be careful to avoid the sort of unfettered review of the record and of the trial court's rulings that indicates a de novo review. And appellate courts must recognize the unfortunate but necessary corollaries of deference to the trial court: that it is possible for a trial court to rule contrary to what an appellate court would rule without abusing its discretion or being clearly erroneous, and that an appellate court is powerless to disturb such rulings.

*Miller v. Eldridge*, 146 S.W.3d 909, 917 (Ky. 2004).

In *Mash*, we had occasion to discuss the difference between sodomy and first-degree sexual abuse, stating

> Pursuant to KRS 510.110(1), "[a] person is guilty of sexual abuse in the first degree when . . . [h]e or she subjects another person to

4

> sexual contact by forcible compulsion . . . ." KRS 510.110(1). Sexual contact is statutorily defined as "any touching of the sexual or other intimate parts of a person for the purpose of gratifying the sexual desire of either party." KRS 510.010(7).
>
> ...
>
> First-degree sexual abuse is properly classified as a lesser included offense of first-degree sodomy. *Johnson v. Commonwealth*, 864 S.W.2d 266, 277 (Ky.1993). The distinction between the two offenses is the body part touched for purposes of sexual gratification. Sexual abuse requires "sexual contact," KRS 510.110, which means "touching of the sexual or other intimate parts of a person," KRS 510.010(7). Sodomy, on the other hand, requires "deviate sexual intercourse," KRS 510.070, which means "any act of sexual gratification involving the sex organs of one (1) person and the mouth or anus of another," KRS 510.010(1). The additional element in a sodomy offense is the specific sexual or intimate parts involved, namely, the mouth or anus.

376 S.W.3d at 559. Turner ostensibly argues the trial court abused its discretion when it refused to give the lesser-included offense instructions of sexual abuse in the first degree for the two counts of sodomy because the jury could view the video evidence predicating those charges and conclude that while his penis touched the buttocks of the victims, it did not touch their anuses. Turner's argument, however, is disingenuous. Elsewhere in his brief he states plainly, "It [the videos] does not show Mr. Turner's penis touching AT's anus, or deviate sexual intercourse under KRS 510.070. Commonwealth's Exhibit 58 shows Mr. Turner's penis touching BH's buttocks, which are 'other intimate parts,' not her anus." In other words, Turner's argument establishes an all-or-nothing proposition—the videos either demonstrate sodomy, or they do not.

5

Generally, "[w]e permit a trial court to not instruct on lesser-included offenses only where the evidence presents an all-or-nothing proposition, allowing only a single account of the degree of the offense or demanding an acquittal." *Swan v. Commonwealth*, 384 S.W.3d 77, 100 (Ky. 2012). *See also Gordon v. Commonwealth*, 214 S.W.3d 921, 924 (Ky. App. 2006). In this instance, by Turner's own reasoning, either the video evidence establishes sodomy by showing penile contact with the anuses of his victims or it establishes no sodomy by showing no penile contact with the anuses of his victims. Because this is an essential element of sodomy, *Mash*, 376 S.W.3d at 559, Turner's argument is an all-or-nothing proposition—he is either guilty of sodomy or the Commonwealth has failed to establish a necessary element beyond reasonable doubt. Moreover, having reviewed the opening and closing arguments of Turner's defense, he at no point conceded to mere sexual contact with his victims as opposed to sodomy. After making a motion for directed verdict at the close of the Commonwealth's evidence, he once again did not concede to mere sexual contact with his victims as opposed to sodomy. Finally, Turner did not testify in his own defense, nor did he call any witnesses or put on any evidence whatsoever. Therefore, the trial court acted properly in refusing to give a jury instruction on the lesser-included offenses of first-degree sexual abuse.

Secondly, we note that that we will not consider arguments raised for the first time on appeal. *Commonwealth v. Steadman*, 411 S.W.3d 717, 724 (Ky. 2013). This rule does not merely apply to the general issue at stake, but to the

6

specific arguments raised for or against that issue. *Id.* "Error is not preserved if the wrong reason is stated for the objection." *Young v. Commonwealth*, 50 S.W.3d 148, 168 (Ky. 2001). And when a new reason in support of an argument appears for the first time on appeal, the "Appellant is precluded from raising that question . . . because it was not raised or relied upon in the court below." *Combs v. Knott County Fiscal Court,* 141 S.W.2d 859, 860 (Ky. 1940).

Turner never argued at trial that the videos in question did not demonstrate the crime of sodomy by failing to show penile contact with the anus. In his argument for the lesser-included instructions of sexual abuse in the first degree, trial counsel first mistakenly argued that sodomy required penetration, which it does not. *Bills v. Commonwealth*, 851 S.W.2d 466, 469 (Ky. 1993). The trial court properly rejected that argument. Counsel's next argument was that there must be some difference between sodomy and sexual abuse, or, in the language of the statutes, between deviate sexual intercourse and sexual contact. Turner's counsel then stated that difference was the presence or lack thereof of sexual gratification. The trial court was unpersuaded by this argument. As we stated in *Mash*, "[t]he distinction between the two offenses" is not the presence of sexual gratification per se but "is the body part touched for purposes of sexual gratification." 376 S.W.3d at 559. The trial court properly rejected the second argument as well. Therefore, the trial court's refusal to give the lesser-included offense instructions for sexual abuse in the first degree is affirmed.

### B. Commonwealth did not Commit Flagrant Misconduct in Penalty-phase Closing Argument

Next, Turner argues the Commonwealth committed prosecutorial misconduct in its closing argument for the penalty phase, wherein counsel made a statement that "It's no secret victims of sexual abuse look forward to nothing but a life of mental health issues, substance abuse, [and] depression." This statement was not objected to and will only be reviewed for palpable error, as requested and briefed by Turner. RCr[3] 10.26. "A palpable error must be so grave in nature that if it were uncorrected, it would seriously affect the fairness of the proceedings." *Brewer v. Commonwealth*, 206 S.W.3d 343, 349 (Ky. 2006). In *Hannah v. Commonwealth*, we set down the test whereby appellate courts must first determine whether the Commonwealth's statements or actions were misconduct, and if so, then assess whether the misconduct was flagrant. 306 S.W.3d 509, 518 (Ky. 2010), *superseded on other grounds by statute*, KRS 503.055 and KRS 503.050(4), *as recognized in Commonwealth v. Hasch,* 421 S.W.3d 349 (Ky. 2013). To determine whether misconduct is flagrant, we look to four factors: "(1) whether the remarks tended to mislead the jury or to prejudice the accused; (2) whether they were isolated or extensive; (3) whether they were deliberately or accidentally placed before the jury; and (4) the strength of the evidence against the accused." *Id.* (quoting *United States v. Carroll,* 26 F.3d 1380, 1385 (6th Cir. 1994)).

---

[3] Kentucky Rules of Criminal Procedure.

In closing arguments, lawyers may make those arguments which are either directly supported by the evidentiary record, or reasonably deducible from the record. They may not make arguments which have no evidentiary foundation or are not reasonably deducible therefrom. *Newcomb v. Commonwealth*, 410 S.W.3d 63, 89 (Ky. 2013). Neither of the victims in this case testified and there was no medical testimony about their mental health, nor expert testimony regarding the trauma sexual abuse victims can typically expect to undergo throughout their lives. The statement of the prosecutor had no evidentiary foundation. Child abuse cases are already highly emotional affairs as it is, and references to the distraught lives victims potentially have in store, without evidentiary basis, can only exacerbate the piteousness natural to such cases. For that reason, we hold the statement was misconduct.

Having made that determination, we must proceed to the *Hannah* factors. As to the third factor, the statement was clearly deliberate and there's no argument it was not. As to the second factor, the comment was neither isolated nor extensive. The theme of the Commonwealth's closing was for the jury to do what was fair and just, and this focused on the impact of Turner's crimes upon his children. The Commonwealth argued that Turner had not just physically harmed the girls but had "robbed" them of the father they should have had; robbed them of their virginity and negatively affecting their future love life; and then the Commonwealth mentioned the mental health and substance abuse issues but did not dwell on them. These two factors weigh in favor of Turner.

9

As to the first factor, however, although without evidentiary foundation in this record, generally speaking it is well-known that sexual abuse victims tend to suffer a mental trauma as well as a physical trauma, and some struggle to overcome it. It is not uncommon they do so by turning to substance abuse. It is going too far to characterize the statement as misleading, with the connotations of maliciousness implied by that word.[4] Instead, it was pretentious and did presume facts not in evidence, but that does not always equate to misleading. Despite this, the prejudicial impact of the statement is dubious. We emphasize that this statement was made in the penalty phase of the trial and not the guilt phase; guilt had already been determined. The jury had seen the evidence and the statement by itself could not have inflamed the jury with undue passion any more than what the evidence itself elicited.

This leads us to the fourth factor—the evidence of Turner's guilt is overwhelming. Dozens of videos and photographs were submitted into evidence and Turner was readily identifiable as the perpetrator by his tattoos. The trial judge expressed her own opinion when imposing the sentence, that the evidence was among the most disturbing she had ever seen. The third factor is, at worst, neutral to both Turner and the Commonwealth, but the fourth factor undoubtedly weighs in favor of the Commonwealth. As we said in *Brewer*, the essential question for palpable review is whether "the result in the case would have been different without the error." 206 S.W.3d at 349. And the *Hannah*

---

[4] Johnson defines mislead as "to guide a wrong way; to betray to mischief or mistake." Samuel Johnson, *A Dictionary of the English Language* 469 (Barnes & Noble Books 1994) (1756).

factors are to be balanced with one another—it is not a rote checklist. Because of the overwhelming evidence of guilt and its nature, we are confident that the sentence imposed by the jury would have been the same even without the Commonwealth's statement therefore, there is no palpable error.

### III. Conclusion

Turner's argument that lesser-included offense instructions for sexual abuse were justified because the video evidence underlying the sodomy charges did not show penile contact with the anuses of the victims establishes an all-or-nothing proposition, so the trial court correctly declined to give lesser-included offense instructions for sexual abuse in the first degree. Moreover, the specific argument advanced before this Court was not presented to the trial court thus, it was not properly preserved for review. The statement of the Commonwealth during closing arguments in the penalty phase was misconduct because not based in the evidentiary record. But the statement itself was not flagrant misconduct and it did not result in a palpable error. The judgment and sentence of the Kenton Circuit Court is affirmed.

All sitting. Conley, Keller, Lambert, Nickell, and Thompson, JJ., concur. Bisig, J., concurs in result only by separate opinion in which VanMeter, C.J., joins.

BISIG, J., CONCURRING IN RESULT ONLY: I concur in result only. Although I agree with the majority that Turner's conviction should be affirmed, I disagree with the conclusion that the prosecutor committed misconduct in closing argument during the penalty phase. While the majority ultimately

11

determines that the statement did not constitute palpable error, I do not believe the statement was improper.

In reviewing a claim of prosecutorial misconduct during closing argument, we must remember that "counsel is granted wide latitude during closing argument[,]" and that "'[i]t is just that—*an argument.*'" *Murphy v. Commonwealth*, 509 S.W.3d 34, 50 (Ky. 2017) (quotation and citations omitted). The majority notes that the prosecutor's statement had no evidentiary foundation, but prosecutors are permitted to "draw all reasonable inferences from the evidence." *Tamme v. Commonwealth,* 973 S.W.2d 13, 39 (Ky. 1998). The majority opinion further states that "generally speaking it is well-known that sexual abuse victims tend to suffer a mental trauma as well as a physical trauma, and some struggle to overcome it. It is not uncommon they do so by turning to substance abuse." These sensible considerations that can reasonably be inferred from the evidence lead me to conclude that the prosecutor's reference to mental health issues as a plausible impact of this crime was not improper.

I further emphasize that the prosecutor's comment occurred during closing argument of the penalty phase, which directly followed a two-day trial in which the jury was presented with an abundance of unequivocal evidence and ultimately found Turner guilty. Therefore, it was not unreasonable for the prosecutor to argue that the victims could suffer from the effects of this abuse for the rest of their lives.

VanMeter, C.J., joins.

COUNSEL FOR APPELLANT:

Julia K. Pearson
Assistant Public Advocate

COUNSEL FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Jenny L. Sanders
Assistant Attorney General