RENDERED:  NOVEMBER 8, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1365-MR

KATHY MUNN                                                   APPELLANT


APPEAL FROM GREENUP CIRCUIT COURT
v.         HONORABLE BRIAN CHRISTOPHER MCCLOUD, JUDGE
ACTION NO. 17-CI-00412


OUR LADY OF BELLEFONTE
HOSPITAL                                               APPELLEE


OPINION
AFFIRMING

\*\* \*\* \*\* \*\* \*\*

BEFORE:  THOMPSON, CHIEF JUDGE; ACREE AND CALDWELL, JUDGES.

THOMPSON, CHIEF JUDGE:  Kathy Munn appeals from a jury verdict which found in favor of Our Lady of Bellefonte Hospital.  Appellant argues on appeal that the trial court erred in excluding certain evidence from being presented to the jury and made errors regarding the jury instructions.  We believe there was no error in this case and affirm.

## FACTS AND PROCEDURAL HISTORY

Appellant was a patient of Appellee in September of 2016. On the night of September 8, 2016, Appellant claimed that an employee sexually assaulted her in her hospital bed. Appellant reported the incident to the hospital and an investigation occurred. Appellant also retained legal counsel. Appellant could not give a detailed description of her alleged attacker, but described him as a white man with "scraggly bangs."

After Appellant filed her complaint, and during discovery, Appellant's counsel requested from Appellee photographs of all the personnel who had access to Appellant's floor on the night of the assault. Appellee sent in pictures of identification badge photos of the employees who were working on Appellant's floor on the night of September 8, 2016. Appellant was shown the photographs and did not recognize anyone as the assailant. Some time later, Appellant's counsel presented Appellant with pictures taken from Facebook of a man who worked at the hospital. Appellant identified that man as her assailant. This man was not employed directly by Appellee, but was a contractor employed by Aramark Health Support Services, Inc. and doing work at the hospital.

Due to the COVID-19 pandemic, this case was not tried until October of 2023. At the conclusion of the trial, the jury found that the employee who

Appellant identified did not sexually assault her, and the jury found for Appellee on all claims. This appeal followed.

## ANALYSIS

Appellant's first argument on appeal is that the trial court erred in not allowing her to present evidence that Appellee tried to hide the employee's identity from Appellant. Prior to trial, Appellee filed a motion *in limine* seeking to exclude evidence or argument that Appellee knew the identity of the employee and withheld it from Appellant during discovery. Appellant wanted to argue to the jury that Appellee purposefully did not include the employee's picture with the others received during discovery and knew of his identity. Appellant would also use this argument to show why the identification of the alleged assailant took so long and why the identification occurred from pictures taken from Facebook. The trial court ruled, both during a hearing on the motion *in limine* and at trial, that Appellee not turning over a photograph of the employee in question was a discovery dispute that should not be presented to the jury.

As this is an issue concerning the admission of evidence, we review it for abuse of discretion. *Goodyear Tire and Rubber Co. v. Thompson*, 11 S.W.3d 575, 577 (Ky. 2000). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

After a thorough review of the record, we find no error.  Appellee claimed that it turned over the pictures of all employees scheduled to work on Appellant's floor the night of her assault.  Appellee did not consider the identities of the contractors working in the hospital relevant at the time of the discovery request.  As the alleged assailant was a contractor and not an employee of Appellee, his picture was not turned over.  Appellant argued that Appellee purposefully withheld the photograph.  The trial court heard the arguments and ruled this was a discovery dispute and not malicious.  We believe this was a reasonable conclusion on the part of the court.

Even if this decision by the trial court was erroneous, it would be harmless error.

> No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice.  The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

Kentucky Rules of Civil Procedure (CR) 61.01.  "When considering a claim of harmless error under CR 61.01, the court determines whether the result probably would have been the same absent the error or whether the error was so prejudicial

as to merit a new trial." *CSX Transp., Inc. v. Begley*, 313 S.W.3d 52, 69 (Ky. 2010) (citations and footnotes omitted).

Here, Appellant was still able to argue to the jury that Appellee knew of the employee's identity and withheld the information. Lisa Pruitt, a risk manager for the hospital who took part in the internal investigation of the incident, testified at trial. During her examination by Appellant's trial counsel, counsel asked her many times about when she spoke with the alleged attacker[1] and why she did not give his name to Appellant. In addition, during his closing argument, Appellant's counsel stated multiple times that Appellee tried to cover up the assault and hide the employee's identity from Appellant. Finally, during Appellant's cross-examination by Appellee's trial counsel, counsel did not question Appellant about why it took so long for her to identify the employee or make any issue of the fact that it took many months for Appellant to identify the alleged assailant. Although we found no error as to this issue, even if it had been error, it would have been harmless because Appellant was still able to argue to the jury that Appellee tried to hide the employee's identity.

Appellant's next argument is that the trial court erred in not compelling Appellee to provide more evidence during discovery regarding the investigation of Appellant's complaint to the hospital. Early in the case, Appellee

---

[1] Ms. Pruitt spoke to the man alleged to be the attacker during her investigation of the incident.

filed with the court a privilege log setting forth the evidence being requested by Appellant that Appellee believed was privileged under various theories.[2] Appellant then filed a motion to compel seeking that evidence. Soon thereafter, however, Appellant withdrew the motion to compel and indicated to the court that this discovery dispute had been resolved. Appellant's counsel also reiterated this resolution during a pretrial conference a few months later.

Appellant now argues that Appellee did not sufficiently prove that the evidence it believed was privileged was covered under the various privilege theories. Since Appellant withdrew the motion to compel and indicated that the discovery issue had been resolved, Appellant cannot now claim the trial court erred. Appellant withdrew her motion seeking the privileged evidence; therefore, the trial court did not have the opportunity to rule on the issue and the issue is waived. *Pers. Bd. v. Heck*, 725 S.W.2d 13, 18 (Ky. App. 1986).

Appellant's next argument is that the trial court erred in providing this instruction to the jury: "Are you satisfied from the evidence that ["alleged assailant's name"] sexually assaulted Kathy Munn at Our Lady of Bellefonte Hospital on the evening of September 8, 2016?" This was the first instruction for the jury to vote on. If the jury answered "yes" it was to move on to the next

---

[2] Such privilege theories included attorney-client privilege, work product privilege, and peer review privilege.

instruction. If the jury answered "no" then the deliberations were over and Appellee would prevail on all claims. The jury unanimously answered "no" to this question. Appellant argues that this instruction was erroneous because some of the claims raised in the complaint did not revolve around that specific employee being the assailant. Appellant believes that the other claims could have been ruled upon if the jury believed someone else assaulted her.

We find that this issue has also been waived. This instruction was given to the court by Appellant.[3] Furthermore, before giving the instructions to the jury, the trial court read the instructions to the attorneys and gave them the opportunity to object. Appellant did not object. Appellant also does not provide this Court with a citation to the record showing where she raised any objection to this jury instruction or its wording. Without an objection, the issue is waived. *Id.*; *Combs v. Knott County Fiscal Court*, 283 Ky. 456, 141 S.W.2d 859, 860 (1940).

Appellant's final argument on appeal revolves around Aramark, the contractor who employed the alleged assailant. Once Appellant identified the person who she alleged assaulted her, Appellee filed a third-party complaint against Aramark. Later, Appellee voluntarily dismissed its cause of action against Aramark, over Appellant's objection, but reserved the right to include an

---

[3] We note that the proposed jury instructions prepared by each party are not included in the record before us; however, when the trial court was discussing the instructions with trial counsel, the judge indicated it was Appellant's counsel who gave him the proposed instruction at issue.

apportionment instruction in the jury instructions. This instruction was then included in the jury instructions at the conclusion of the trial. Appellant argues that Aramark should not have been dismissed and that the apportionment instruction should not have been given to the jury.

We find no error. The jury found that Appellant was not sexually assaulted by the employee she identified and found in favor of Appellee on all claims; therefore, Aramark's lack of involvement in the trial or its inclusion in the jury instructions is irrelevant and lacks prejudice.

## **CONCLUSION**

Based on the foregoing, we affirm the judgment on appeal.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Kevin L. Murphy
J. Jeffrey Landon
Fort Mitchell, Kentucky

Kenneth R. Reed
Ludlow, Kentucky

BRIEF FOR APPELLEE:

C. Jessica Pratt
Arthur E. Phelps, Jr.
Cincinnati, Ohio