RENDERED: FEBRUARY 20, 2025
TO BE PUBLISHED

# Supreme Court of Kentucky

2024-SC-0008-DG

DILLIAN FORD                                                APPELLANT

                    ON REVIEW FROM COURT OF APPEALS
V.                             NO. 2022-CA-1488
                  CARLISLE CIRCUIT COURT NO. 21-CR-00057

COMMONWEALTH OF KENTUCKY                        APPELLEE

**OPINION OF THE COURT BY JUSTICE CONLEY**

**<u>REVERSING</u>**

This case is before the Court upon discretionary review from the Court of Appeals' opinion which affirmed the imposition of jail fees upon the Appellant, Dillian[1] Ford. KRS 441.265(2)(a) allows a county jailer to adopt, with approval of the county's governing body, a jail reimbursement policy. In *Capstraw v. Commonwealth*, we held that a trial court may not impose jail fees at sentencing without "some evidence presented that a jail fee reimbursement policy has been adopted by the county jailer with approval of the county's governing body in accordance with KRS 441.265(2)(a)." 641 S.W.3d 148, 161-62 (Ky. 2022).

---

[1] The record refers to Appellant alternatively as Dillan or Dillian. His own brief asserts the correct spelling is Dillan. The Commonwealth, however, refers to him as Dillian consistent with the original indictment and AOC court-tracking system. We follow the latter spelling for the same reasons.

After review of the record below, we hold the Court of Appeals erred. Both Ford and the Commonwealth agree that the only evidence in this record regarding a jail reimbursement policy in Carlisle or McCracken County was the stipulation by Ford that those two counties had an agreement whereby Carlisle County would pay McCracken County twenty-six dollars a day for housing inmates on its behalf. We agree with Ford that this stipulation is distinct from the evidentiary burden required by *Capstraw.* As such, there is no evidence in the record justifying the imposition of jail fees. That being the only issue before this Court, that portion of Ford's sentence is vacated.

Ford raises two arguments before this Court challenging the jail fees. First, is the lack of evidence, which is the argument also presented to the Court of Appeals. Second, and for the first time, he argues an amendment to KRS 441.265(1)(a) in 2022, effective by the time of his sentencing, removes the trial court from the process of collecting jail fees. The latter argument does present a valid question and is a sentencing issue as it challenges the authority of the trial court to impose jail fees at sentencing. On the other hand, it is bound up with the Commonwealth's well-founded argument of lack of preservation. It was not raised in the Court of Appeals below nor mentioned in the motion for discretionary review.

This Court has inherent authority to cure illegal sentences. *Chadwell v. Commonwealth*, 627 S.W.3d 899, 900-01 (Ky. 2021). But "[i]t is an unvarying rule that a question not raised or adjudicated in the court below cannot be considered when raised for the first time in this court." *Combs v. Knott Cnty.*

2

*Fiscal Court,* 141 S.W.2d 859, 860 (Ky. 1940). Moreover, "[o]ur rules require a party to address specifically each issue, the relevant law, and a statement as to why the judgment below should be reviewed, in a motion for discretionary review . . . [and] [f]ailure to comply with this rule precludes review." *Savage v. Co-Part of Conn., Inc.,* 671 S.W.3d 48, 52 (Ky. 2023); RAP 44(c)(5). Our own research does not reveal a previous case in Kentucky where these rules have clashed. The courts of Virginia, the Old Dominion from which Kentucky sprang, adhere to the rule that judicial decisions ought to be decided "on the best and narrowest grounds available." *Levick v. MacDougall,* 805 S.E.2d 775, 785 (Va. 2019); *see also Air Courier Conf. of America v. American Postal Workers Union,* 498 U.S. 517, 531 (1991) (Stevens, J., concurring) ("Faithful adherence to the doctrine of judicial restraint provides a fully adequate justification for deciding this case on the best and narrowest ground available."). The same can be said here. The preserved evidentiary argument is the best and narrowest ground available for resolving this issue, while avoiding the unpreserved question of the statutory authority of a trial court to impose jail fees.

Proceeding to the merits, the Commonwealth and Ford agree that only one piece of evidence exists in this record pertaining to the imposition of jail fees—a stipulation which occurred at a pre-sentencing hearing on October 20, 2022. The following colloquy between the trial court and Ford's trial counsel occurred:

> Trial Court: Does he want to have a hearing in regard to whether or not Carlisle County has a jail agreement—policy agreement with

3

McCracken to pay them for—Carlisle to pay McCracken twenty-six dollars a day?

Counsel: No, your honor.

Trial Court: He will stipulate to that?

Counsel: He does, your honor.

On November 17, 2022, Ford was sentenced to a total of fifteen years for the underlying charges and a total of $10,972 in jail fees, representing the 422 days he had been held in custody.

In *Capstraw*, we vacated a sentence imposing jail fees "because there was no evidence of record that the Hardin County jail had adopted a jail fee reimbursement policy." 641 S.W.3d at 161. Ford's argument is simple: the stipulation above pertained only to whether an agreement existed between Carlisle and McCracken counties that the former would reimburse the latter for housing its inmates at twenty-six dollars a day and is not a stipulation that either county had a jail reimbursement policy approved by the county's governing body. We agree with this basic distinction and find the Commonwealth's arguments that Ford should not be allowed to back out of a stipulation or that this issue is invited error unpersuasive.

*Capstraw* cited several unpublished decisions to highlight the need for a published decision on this issue. *Id.* One of those cases involved a similar inmate housing reimbursement policy. *Campbell v. Commonwealth*, No. 2020-CA-0690-MR, 2021 WL 1051590, at *5 (Ky. App. Mar. 19, 2021). In *Campbell*, the only evidence before the trial court for imposing jail fees was the existence between Hickman and Ballard counties that the former would pay the latter

4

twenty-five dollars a day to house inmates on its behalf. The Court of Appeals reversed, holding "the trial court failed to make any finding that the jailer adopted, with the approval of the county's governing body, a prisoner fee and expense reimbursement policy under KRS 441.265(2)(a)." *Id.* Our citation to *Campbell* in *Capstraw* was a clear indication of our approval of the reasoning of that decision. An agreement between counties concerning reimbursement for housing prisoners is not the same as a jail reimbursement policy promulgated by the county jailer with the approval of county's governing body, pursuant to KRS 441.265(1)(a). Therefore, when we said in *Capstraw* that "there must be some evidence presented that a jail fee reimbursement policy has been adopted by the county jailer with approval of the county's governing body in accordance with KRS 441.265(2)(a)[,]" we meant it literally. 641 S.W.3d at 161-62. If the Commonwealth does not put on evidence demonstrating the existence of such a policy with the concomitant approval, then the evidentiary burden for jail fees is not met and they cannot be imposed. That burden was not met below; therefore, the jail fees were improperly imposed.

To be blunt, we cannot fathom why the Commonwealth would find it difficult to submit a jail reimbursement policy into evidence, which presumably would exist in some written format, as well as the public record of said policy being approved by the county's governing body which also presumably would exist in some written format. Nor do we believe *Capstraw* was ambiguous in requiring such evidence that would somehow confuse a trial court as to what evidence would suffice to impose jail fees. If the jailers of a given circuit have

5

not promulgated a jail reimbursement policy pursuant to KRS 441.265(2)(a), or if the governing bodies of the counties constituting that circuit have not approved said policies, then the trial court must accept that fact and accept that it may not impose jail fees in the applicable cases. If, however, a jail reimbursement policy exists and has been approved by the appropriate governing body in accordance with KRS 441.265(2)(a), then there is no excuse for evidence of such not to be in the record. That is what *Capstraw* unambiguously requires, and we reaffirm it.

The Court of Appeals is reversed and the trial court's sentence imposing jail fees is vacated; but nothing in this opinion pertains to the validity of the fifteen-year sentence for the underlying convictions.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Aaron R. Baker
Kathleen Kallaher Schmidt
Assistant Public Advocates

COUNSEL FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Elizabeth Hedges
Shawn D. Chapman
Assistant Solicitors General

6